212 So.2d 37 (1968)
FOREMOST DAIRIES, INC., OF the SOUTH and Woodrow Strickland, Appellants,
v.
Dorothy CUTLER, Appellee.
No. 1503.
District Court of Appeal of Florida. Fourth District.
June 27, 1968.
*38 Leon H. Handley and John H. Ward of Gurney, Gurney & Handley, Orlando, for appellants.
*39 Roe H. Wilkins of Maguire, Voorhis & Wells, Orlando, for appellee.
CROSS, Judge.
The appellants-defendants, Foremost Dairies, Inc., of the South and Woodrow Strickland, appeal an order granting the appellee-plaintiff, Dorothy Cutler, a new trial in a wrongful death action. We affirm.
The deceased, Vail Lambert, a minor child of the plaintiff, was riding his motorbike in a westerly direction on State Highway 434, which runs east and west in Seminole County. At the entrance ramp of United States Interstate Highway 4, which basically runs in a north-south direction, plaintiff's deceased collided with defendant vehicle causing serious bodily injury resulting in his death. The accident occurred during the early part of an evening.
During the course of the trial conflicting testimony arose as to whether or not Vail Lambert was driving his motorbike with or without a headlight in operating condition.
The deceased's brother, Paul Lambert, testified as a witness for the plaintiff. His testimony was limited to the general association which he had had with his deceased brother, Vail Lambert, and the relationship between the mother and the deceased brother and the services rendered by the deceased brother to the mother. He did not as a witness for the plaintiff testify in any regard concerning the accident.
Counsel for the defendants on cross-examination of the witness, Paul Lambert, attempted to elicit from the witness a statement that he allegedly had made to the officer investigating the accident. On objection by plaintiff's counsel this was excluded by the court as not being within the scope of direct examination.
Thereafter, Paul Lambert was called by the defendants as their witness, and on direct examination was asked whether or not he had made a statement to the investigating officer to the effect that the headlight on Vail Lambert's motorbike was not in working condition at the time of the accident, to which he answered that he had not.
Following Paul Lambert's testimony, the defendants called the investigating officer, who was allowed to testify over objection of plaintiff's counsel, and for the purpose of impeaching the testimony given by Paul Lambert, that Paul Lambert had told him on the night of the accident that the motorbike did not have a working headlight.
The case ultimately went to the jury, who returned a verdict in favor of the defendants. The trial court vacated and set aside the verdict on plaintiff's motion and granted her a new trial. Hence this appeal.
The question for our determination is whether or not the trial court erred in granting plaintiff's motion for a new trial.
The new trial was granted on the basis of what the trial court considered substantial error rather than mere harmless error in permitting the defendants to put into evidence under the guise of impeachment of a witness testimony which was otherwise inadmissible. Initially the trial court permitted the impeachment on the view that the witness, Paul Lambert, by virtue of family relationship and possible ultimate financial interest in the outcome, could be considered an adverse party under Rule 1.450(a), F.R.C.P., 30 F.S.A. The testimony, which was thus admitted into evidence, was on a vital question  whether the motorbike headlight was or was not in working condition at the time of the accident.
We could entirely justify our affirmance on the broad discretion ruling of Cloud v. Fallis, Fla. 1959, 110 So.2d 669, in which event no useful purpose would be served by preparing and filing a written opinion. However we deem it desirable to clear up some of the confusion existing in the law concerning the right to impeach one's own witness. In order to clear up this confusion there is a clear distinction that must *40 be kept in mind between an adverse party and an adverse witness.
In Johnson v. State, Fla.App. 1965, 178 So.2d 724, in discussing F.S. 1965, Section 90.09, F.S.A. which prohibits a party producing a witness from impeaching his credibility by general evidence of bad character, but permits impeachment by other evidence or by prior inconsistent statements in case the witness proves adverse, stated as follows:
"* * * we adopt the meaning of `adverse' as `giving evidence that is prejudicial to the party producing the witness'."
An adverse party would by simple definition simply be a party to the litigation who had an adverse interest in its outcome. Rule 1.450(a) F.R.C.P., while bearing the sub-title "Adverse Witness," basically deals with two different categories, namely, the unwilling or hostile witness and the adverse party. This rule reads as follows:
"Adverse Witness. A party may interrogate any unwilling or hostile witness by leading questions. A party may call an adverse party or an officer, director, or managing agent of a public or private corporation or of a partnership or association which is an adverse party and interrogate him by leading questions and contradict and impeach him in all respects as if he had been called by the adverse party and the witness thus called may be contradicted and impeached by or on behalf of the adverse party also and may be cross-examined by the adverse party only upon the subject matter of his examination in chief."
We think it manifestly clear that one could be an adverse party and still not be an adverse witness in a case where he was called to the witness stand by his adversary but gave no testimony which was prejudicial to the adversary calling him to testify. Yet, notwithstanding the lack of prejudicial testimony from such person, he would clearly be an adverse party, and thus would be subject under the second part of the above-quoted rule to leading questions and to being contradicted and impeached by the party calling him. This would be true purely and simply because he met the definition of an adverse party.
Where a witness (not a party, or an officer, director or managing agent of a public or private corporation or of a partnership or association which is an adverse party) is called and thereafter proves to be unwilling or hostile to the party calling him, the first part of the above-quoted rule permits the witness to be subjected to leading questions. Nothing in the rule, however, permits that witness to be impeached or contradicted. Any right to impeach that witness, even though the witness be hostile or unwilling, derives not from the rule (since he is not a party), but from F.S. 1965, Section 90.09, F.S.A. One seeking to impeach his own witness under the statute can do so only when the party producing the witness has been surprised or entrapped by the statements made by the witness from the stand, and the testimony is not only not that which the producing party expected, but is in fact prejudicial to his case. Hernandez v. State, 1945, 156 Fla. 356,22 So.2d 781.
When we rule out Paul Lambert as a party so that the defendants in producing him as a witness can impeach him only by virtue of the statute, defendants must then meet the test as stated in Hernandez v. State, supra, and show surprise or entrapment. A party will not be permitted to put a witness on the stand knowing that his testimony will be adverse and then claim surprise in order to impeach such witness. This is particularly true when the procedure is nothing more than a device or artifice to get into evidence before the jury that which would otherwise be inadmissible.
Applying the foregoing to the case at bar, it is clear that the witness, Paul *41 Lambert, was an "adverse witness," because his testimony was prejudical to the defendants who produced him (Johnson v. State, supra), but he was just as clearly not an "adverse party" within the definition of Rule 1.450(a), F.R.C.P., and therefore could not be impeached by showing a prior inconsistent statement without first having shown surprise or entrapment.
The defendants were not entrapped or surprised by Paul Lambert's testimony as they well knew in advance what he would testify to before calling him as a witness, and hence had no right to seek to impeach Paul Lambert by means of showing an inconsistent prior statement through the investigating officer. The trial court was eminently correct in exercising its judicial discretion in rectifying its error by granting a new trial.
Affirmed.
OWEN, J., and ANDERSON, ALLEN C., Associate Judge, concur.