PER CURIAM.
The appellee Robert G. Kircheis was arrested in Granada, Mississippi, on a homicide charge instituted by law enforcement authorities in Dade County, Florida. The arrest took place near but outside a motel where he was staying. His baggage, including a briefcase was removed from the motel to the jail.
After being placed in a cell in the jail, the appellant requested that his briefcase be brought to him, asserting need for a toothbrush and letter material therein. Preliminary to intended compliance with such request, a police officer opened and searched the briefcase. Therein the police found and seized as evidence a paper bearing the handwritten notation: “I killed Ivy Pranter” (the victim of the alleged homicide) .
Subsequently the appellee was charged by information with manslaughter (strangulation of Ivy Pranter). Appellee moved to suppress the evidence represented by his written statement, contending it was obtained by unlawful search and seizure. The trial court granted .the motion to suppress on that ground. The state filed this interlocutory appeal therefrom.
The appellee argues that the search was unlawful because it was not a search, made upon arrest, of his person or of the area within his immediate control, citing and relying upon Chimel v. California, 395 U.S. 75, 89 S.Ct. 2034, 23 L.Ed.2d 685 and Vale v. Louisiana, 399 U.S. 30, 90 S.Ct. 1969, 26 L.Ed.2d 409.
*17 The state contends, and we agree, that those decisions are not applicable to the facts of this case. Here the search of the briefcase was made only after the incarcerated person had asked that it be delivered to him in his cell, and then as a preliminary to compliance therewith. The search of the briefcase was lawful because it was essential in the circumstances, to guard against the possibility of placing him in the possession of weapons, escape tools or narcotics, etc.
Moreover, in those circumstances, such a search of the briefcase must be considered to have been made with implied consent of the prisoner, since he could have had no reason to expect the police would give him the case without first examining its contents.
With the search being lawful for the reasons stated, and therefore not viola-tive of the fourth amendment, relevant evidence found therein would not be subject to be suppressed. Maryland Penitentiary v. Hayden, 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782. An exception thereto is that evidence so seized which is “testimonial” or “communicative” in nature, the introduction of which would amount to compelling the defendant to become a witness against himself, is subject to be suppressed because in violation of the fifth amendment. This exception was pointed out by the Supreme Court of the United States in Maryland Penitentiary v. Hayden, supra, citing Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908. For that reason, rather than for the reason assigned by the trial court, the order suppressing the “testimonial” or “communicative” statement found in the briefcase was not error.
Affirmed.