289 So.2d 419 (1974)
Dessie THOMAS, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 73-435.
District Court of Appeal of Florida, Fourth District.
January 18, 1974.
Rehearing Denied February 19, 1974.
*420 Richard L. Jorandby, Public Defender, Richard S. Power and Curtis G. Levine, Asst. Public Defenders, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Thomas M. Carney, Asst. Atty. Gen., West Palm Beach, for appellee.
WALDEN, Judge.
The defendant was convicted of robbery and sentenced to imprisonment in the state prison for twenty-five years. He appeals. We reverse.
Prior to trial one, Morris Williams, pled guilty to the robbery in question and was sentenced to three years. At that time he gave a statement to the state implicating the defendant as a joint perpetrator of the robbery.
The defendant's trial date dawned and the proofs were presented. Morris Williams was called to the stand as the state's witness and testified that the defendant was in nowise implicated and that the joint perpetrator was one, Edward Jones. The state claimed surprise and was permitted to present before the jury as an impeaching vehicle the prior statement of Williams which implicated the defendant. It is undisputed that the only testimony or evidence connecting the defendant to the crime was this impeachment testimony consisting of the pretrial statement of Williams.
There are two reasons why this pre-trial statement, standing alone, is insufficient as a foundation to convict the defendant. First, the state has justified its impeachment of Williams under the claim that it was "surprised" by his testimony. It is settled that a party may impeach its own witness if such party is surprised or entrapped by such witness' testimony. Section 90.09, F.S. 1971, F.S.A.; Foremost Dairies, Inc. v. Cutler, Fla.App. 1968, 212 So.2d 37; Hernandez v. State, Fla. 1945, 156 Fla. 356, 22 So.2d 781. The testimony is deemed a surprise if it is not that which *421 the party expected and is detrimental to his cause. Foremost Dairies, supra. Although Williams' testimony was detrimental to the state, it can not be said that the state was surprised. The state claims only that it did not know what Williams was going to say. It is impossible to find, then, that the state was surprised or entrapped by the testimony given. The impeachment of Thomas was improper.
It is notable that the impeachment testimony, if allowed, should not be considered substantive evidence. Under Adams v. State, Fla. 1894, 34 Fla. 185, 15 So. 905, it was held that the statement has weight only for the purpose of annulling the harmful effects of the adverse testimony. See Wallace v. Rashkow, Fla.App. 1972, 270 So.2d 743.
The evidence remaining consisted of cash found on appellant's person, (greatly in excess of the amount taken from the robbery victim) and certain guns and loose coins found in appellant's car. There was extensive evidence to negate the theory that appellant participated in the robbery, and the state did not prove knowledge on the part of the appellant of the items found in the car. Circumstantial evidence is insufficient to support a criminal conviction unless it excludes the hypothesis of innocence. Wilkerson v. State, Fla. App. 1970, 232 So.2d 217.
With or without the impeachment testimony, the state has not carried the burden of proving the guilt of appellant beyond a reasonable doubt.
The evidence was insufficient to connect defendant to the crime and to justify his conviction. The judgment is reversed and the cause remanded with instructions to discharge the defendant.
Reversed and remanded.
DOWNEY, J., and COWART, JOE A., Associate Judge, concur.