HENDRY, Judge.
Appellant, defendant in the trial court, seeks review of an adverse summary judgment for the sum of $33,333, on a life insurance policy.
Plaintiff-appellee, Lurline W. Sintros, is the beneficiary under the said policy and the natural mother of the insured who was killed in an automobile accident in Chattahoochee, Florida.
The appellant denied liability under the policy, relying upon an exclusionary provision which abrogates coverage when death or injury to the insured was caused in whole or in part by the commission of a felony by the insured, or an attempt to commit a felony.
Appellant asserts that deposition testimony before the trial court upon consideration of appellees’ motion for summary judgment raised reasonable inferences from which a jury might conclude that a contributing cause of the insured’s death was his participation in at least four felonies, among which was auto theft.
We have reviewed the record and the depositions in question and have concluded that based upon the evidence contained therein which ultimately would be admissible evidence at a trial and the inferences which might be properly drawn therefrom, no genuine issue of material fact was made *690 to appear which would preclude the entry of summary judgment against the appellant. See, Food Fair Stores, Inc. v. Trusell, Fla.1961, 131 So.2d 730; Nash Miami Motors, Inc. v. Ellsworth, Fla.App. 1961, 129 So.2d 704; Foremost Dairies, Inc., of the South v. Cutler, Fla.App.1968, 212 So.2d 37; George v. Stone, Fla.App.1972, 260 So.2d 259.
Appellant’s second point on appeal challenging an order granting the appellees’ motion to strike appellant’s petition for rehearing of summary judgment and alternatively denying the appellant’s petition for rehearing has been considered and found to be without merit.
Therefore, for the reasons stated and upon the authorities cited, the judgment appealed is affirmed.
Affirmed.