303 So.2d 409 (1974)
Ronald Henry POITIER, Appellant,
v.
The STATE of Florida, Appellee.
No. 74-494.
District Court of Appeal of Florida, Third District.
November 19, 1974.
*410 Ullman, Kimler & Entin, Ray Glist, Miami, for appellant.
Robert L. Shevin, Atty. Gen., and Lance R. Stelzer, Asst. Atty. Gen., for appellee.
Before HENDRY, HAVERFIELD and NATHAN, JJ.
NATHAN, Judge.
The defendant was charged by information with breaking and entering and grand larceny, tried non-jury after a plea of not guilty, and convicted of entering without breaking and grand larceny and sentenced to imprisonment in the state penitentiary for three years on the first count and two years on the second count, to run consecutively.
On appeal, the defendant contends that the court erred (1) in refusing to allow defense counsel to call the arresting officer as a hostile witness and (2) in refusing to allow the police report to be used for impeachment purposes. After careful review of the record and the briefs, we cannot agree with either contention.
The arresting officer was initially called as a state's witness, and defense counsel was permitted to cross-examine and impeach him without restriction. After the state rested, defense counsel attempted to call the same officer as a "hostile" defense witness, "... to show that his testimony at deposition is inconsistent with his testimony in court." The general rule in Florida and throughout the United States is that a party may not attack *411 or impeach the credibility of his own witness. Johnson v. State, Fla.App. 1965, 178 So.2d 724; Jones v. State, Fla.App. 1973, 273 So.2d 8; § 90.09, Fla. Stat. One seeking to impeach his own witness can do so only when the party producing the witness has been surprised or entrapped by the statements made by the witness from the stand, and the testimony is not only not that which the producing party expected, but is, in fact, prejudicial to his case. Foremost Dairies, Inc., of South v. Cutler, Fla.App. 1968, 212 So.2d 37. In other words, one can only impeach his own witness when such witness proves to be a "hostile" witness.
A witness becomes "hostile" when he is called with the expectation that he will give testimony favorable to the calling party, but who thereafter proves to be unwilling or adverse, to the complete surprise of the calling party. Foremost Dairies, Inc., of South v. Cutler, supra. When defense counsel attempted to call the officer as a defense witness, it was not with the expectation of favorable testimony; by his own admission, he was attempting to call the witness for impeachment. Not qualifying as a "hostile" witness, the officer could not have been impeached by defense counsel on direct examination, and, therefore, the judge properly refused to permit defense counsel to call him.
As to the appellant's second point on appeal, we find no merit in the contention that the trial court erred in not allowing the police report to be used for impeachment purposes. The record clearly discloses that defendant's counsel had every opportunity to cross-examine and impeach the officer when he was produced as the state's witness. In fact, the court did permit impeachment by use of the police report in addition to any other matters, whether admissible or not. Assuming arguendo the defendant is accurate in his assertion that the judge did not allow the police report to be used for impeachment purposes, there is authority to support this ruling. In State v. Johnson, Fla. 1973, 284 So.2d 198, 200, the Supreme Court opines that normally mere negative use of police reports for impeachment should not be allowed, however, production and use in evidence of police reports may be allowed in the sound discretion of the court.
Therefore, for the reasons above stated, the conviction and sentence are hereby affirmed.
Affirmed.