PER CURIAM.
The appellant was convicted of the crime of rape. The commission thereof and the identification of the appellant as one of three men by whom the offense was perpetrated were shown by clear and positive evidence'. In addition thereto, in course of the jury trial, the state introduced into evidence, over objection of the appellant-defendant, a letter (proved to have been written by him in jail) addressed to another person held in the jail. The contents of the letter were as follows:
“Hey man, remember what I was telling you about Bubble gum, Jap and Nut. Don’t say nothing about it, okay? Because it will be bad for me, if anybody come over and interview or ask you any questions, don’t answer them, unless you say that Witchard told you that him and Jap and Nut did it, okay? That’s exactly what you have to say only to Mrs. Milliage, and she will get me out of here, in two weeks, man, no question about it.
*561 “So you tell Mrs. Millage that you were in the yard about two or three weeks ago, and you don’t remember exactly how long ago he told you that I didn’t do the rape and they got me in here for nothing.
“Him, Jap and Nut did it, but you don’t have to give any names besides Witchard. You can say that he told you that I didn’t to it. Him and two more dudes did it, and I am in here for nothing.
“That’s all you have to say, okay ? And you don’t have to worry just talk to Millage and it will free me automatically-
“And, Jack, I am going to have some money after this is over with. Other words, rich. Can you dig it ?
“And, whatever you need, after I get out you will have it man, because I will have it to give you now, and plenty of it.
“So, I am depending on you and when I get out, and don’t let nobody else know about this. I mean, no one, because its not going to affect anyone, all it be is me getting out by you talking to Mrs. Millage, and I will take care of you, Jack, I swear, so believe what I say.”
We hold to be without merit the appellant’s contention that introduction of the letter was harmful error, such as to require reversal of the judgment. While it was not disclosed how the letter came into possession of the state attorney, there was no showing that it was acquired other than in a lawful manner. Admission of the letter into evidence was proper as an admission of the defendant against interest. See Cortes v. State, 135 Fla. 589, 185 So. 323. The case of State v. Kircheis, Fla.App. 1972, 269 So.2d 16, cited and relied on by the appellant, is distinguishable on the facts.
No reversible error having been made to appear, the judgment is affirmed.