PER CURIAM.
This appeal is by two juveniles (brothers), from delinquency orders. The petition charging W. B. with delinquency alleged, as grounds, disorderly conduct and obstructing a police officer in the performance of his duty in making arrest therefor. The petition against D.B. alleged assault on a police officer, and resisting arrest with threat of violence to a police officer in the performance of the arrest of said defendant for the assault.
It appears the incident involving D.B. occurred at the same place, after the arrest of W.B. The mother of the juveniles arrived on the scene after the arrest of W.B. *929 and at some time during the incident involving D.B. She filed a complaint of police brutality, and later made a written statement with reference to the matter. A hearing was undertaken on her complaint, before the Internal Review Board of the Public Safety Department, at which the arresting officers made statements. The outcome of that hearing was not disclosed.
On this appeal there is no contention that the evidence produced at the hearing on the delinquency petitions was not sufficient to sustain the adjudications of delinquency. Appellants contend the court committed reversible error by denying their motion for pre-trial production of the statements of the officers before the Board of Review.
Defendants filed two motions for production of evidence. The first was filed under Fla.R.Crim.P. 3.220(a)(2), requiring the prosecutor to disclose to defense counsel “any material information within the States’ possession or control which tends to negate the guilt of the accused as to the offense charged”. The State responded with certain information, including the statement made by the defendants’ mother, but not including the statements of the officers before the Review Board. According to the record, such statements were not produced because the State did not view them as material information tending to negate the guilt of the defendants. There was no showing made to the contrary. We find no error in that regard. See United States v. Evanchick, 413 F.2d 950, 953 (2nd Cir. 1969); United States v. Gonzalez, 466 F.2d 1286, 1288 (5th Cir. 1972).
The defendants took the deposition of the arresting officers, on pretrial discovery. They also took the deposition of a hearing officer before whom the arresting officers had appeared on the hearing before the Review Board. During the deposition of the hearing officer, he was asked to produce a transcript of the statements or testimony given by the arresting officers before the Review Board. He refused.
Defendants, by a second motion sought an order requiring him to do so, or for the production thereof otherwise. That motion, filed under subsection (a)(1)(h) of said rule, was heard on the day before the hearing on the delinquency petitions. The court denied the motion.
The appellants contend that ruling of the court was error for which the adjudications of delinquency should be reversed and a new trial granted. We cannot agree.
On motion of a party or person from whom the discovery is sought, or for good cause shown, the court may control and limit discovery in a number of listed respects, including “that certain matters not be inquired into”. Fla.R.Civ.P. 1.280(c).
Here the defendants had the benefit of direct discovery from the arresting officers, as well as the opportunity to cross examine them when the officers testified at the delinquency hearing. The inquiry before the Review Board would call for testimony of the officers relating to their actions in making and following arrests, whereas their testimony at the delinquency hearing would relate to the conduct of the defendants for which they were arrested, as alleged in the delinquency petitions. The purpose or advantage which the defendants claimed would be gained by production of the officers’ Review Board testimony was for it to be used at trial to show a difference, if any should exist, between their statements before the Board and their statements on discovery depositions or when they should testify at trial. In view of the above stated circumstances, and the absence here of a contention that the evidence of guilt of the defendants was not supported by the evidence, we hold the challenged ruling of the trial court was not an abuse of discretion, and was not such as to require the granting of a new trial.
Affirmed.