PEARSON, Judge.
Appellant Aline Jackson was charged by information with battery of a police officer and with resisting arrest with violence. A Jury found her not guilty of the battery charge and guilty of the lesser-included offense of resisting arrest without violence. On this appeal, she urges reversible error because, prior to trial, she moved for the production of statements by the officer she was accused of striking, made in a departmental investigation of the officer’s conduct.[1]
Appellant’s trial attorney was fully aware of the investigation and made re *1030 peated efforts pursuant to Florida Rule of Criminal Procedure 3.220 to obtain, for use at the trial, statements made by the police officer during the progress of the intra-de-partmental investigation. The trial court denied the various motions for the production of such statements but agreed to conduct, and did conduct at the time of trial, an in-camera inspection of the investigation record.[2] The trial court made a determination that the statements contained therein would not be useful for impeachment inasmuch as they were not inconsistent with the officer’s testimony at trial.
Appellant relies upon this court’s opinion in State v. Dumas, 363 So.2d 568 (Fla. 3d DCA 1978), and authorities cited therein, for a rule that the court must order the production of any police reports which contain a statement made by an officer or agent of the state who recorded such statement contemporaneously with the making thereof.
We hold that this rule does not require the production of statements made at investigative hearings in intra-departmental investigations of the conduct of police officers for the reasons set out in W. B. and D. B. v. State, 343 So.2d 928 (Fla. 3d DCA 1977). See also State v. Johnson, 284 So.2d 198 (Fla.1973), and Poitier v. State, 303 So.2d 409 (Fla. 3d DCA 1974).
Further, we hold that by conducting the in-camera inspection, the court fully discharged its responsibility in seeing that no “Brady” material was contained in' the statements of the police officer.
Appellant’s second point, urging error upon the denial of her motions for mistrial, does not present error under the law stated in Johnsen v. State, 332 So.2d 69 (Fla.1976), and Garcia v. State, 142 So.2d 318 (Fla. 2d DCA 1962).
Affirmed.
KEHOE, J., dissents.

. This investigation was initiated by the com•plaint of an ambulance driver and the present appellant that the police officer had struck both the present appellant and her husband.

. “THE COURT: As I indicated this morning, and I think this is a correct ruling, what I intend to do is at the time of the trial as each police officer is called, once he finishes testifying if he has in fact given a statement to the Internal Affairs Department of the Sheriff’s Office, I will read the statement in Chambers and determine whether or not there is any Brady material or impeachable material in it, and if there is such material Til make it available to the defense at that time. That is my ruling on that motion.” ' ■ "