414 So.2d 2 (1982)
James PRITCHETT, Appellant,
v.
The STATE of Florida, Appellee.
No. 81-439.
District Court of Appeal of Florida, Third District.
April 6, 1982.
Rehearing Denied June 2, 1982.
*3 Horton, Perse & Ginsberg and Mallory H. Horton, Miami, for appellant.
Jim Smith, Atty. Gen., for appellee.
Before BASKIN, DANIEL S. PEARSON and JORGENSON, JJ.
PER CURIAM.
The defendant's actions, seen through the eyes of at least five observers, of flying the aircraft so near to the ground that he pulled up to avoid palm trees and antennae; making three or four passes at an altitude of forty or fifty feet above a populated motel causing people on the ground to take cover out of concern for their safety; and stating that the aircraft experienced a mechanical failure [which statement was, independent of the proof of the commission of the crime, shown to be false by expert testimony that the aircraft was in good working order and that the crash was caused by pilot error, see Brown v. State, 391 So.2d 729 (Fla. 3d DCA 1980); Morgan v. State, 303 So.2d 393 (Fla. 2d DCA 1974)] were sufficient to show his conduct to be of
"... a gross and flagrant character, evincing reckless disregard of human life, or of the safety of persons exposed to its dangerous effects, or there is that entire want of care which would raise the presumption of a conscious indifference to consequences, or which shows wantonness or recklessness, or a grossly careless disregard of the safety and welfare of the public, or that reckless indifference to the rights of others which is equivalent to an intentional violation of them."
Filmon v. State, 336 So.2d 586, 589-90 (Fla. 1976), quoting Miller v. State, 75 So.2d 312, 313-14 (Fla. 1954); see Cannon v. State, 91 Fla. 214, 107 So. 360 (Fla. 1926); accord, McCreary v. State, 371 So.2d 1024 (Fla. 1979), and to warrant a conviction for manslaughter by culpable negligence of a passenger in the defendant's plane.
Even if, arguendo, any evidence against the defendant should not have been admitted, but see Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966); State v. Sobel, 363 So.2d 324 (Fla. 1978); Freimuth v. State, 272 So.2d 473 (Fla. 1972); State v. Gibson, 362 So.2d 41 (Fla. 3d DCA 1978), the admission of such evidence was harmless and did not unduly prejudice the defendant's right to a fair trial.
Affirmed.