PER CURIAM.
This is an appeal by the defendant Esteban Santana from judgments of conviction and sentences for (1) second-degree murder and (2) unlawful possession of a firearm during the commission of a felony which were entered below based on adverse jury verdicts. The defendant raises a multitude of points on appeal, none of which presents reversible error; we, accordingly, affirm.
First, the evidence of guilt in this case, although circumstantial, was sufficient to send the case to the jury on the crimes as charged in the information. See Heiney v. State, 447 So.2d 210, 211 (Fla.), cert. denied, 469 U.S. 920, 105 S.Ct. 303, 83 L.Ed.2d 237 (1984); Dellinger v. State, 495 So.2d 197, 198 (Fla. 5th DCA 1986), cert. denied, 503 So.2d 326 (Fla.1987); Bradwell *690 v. State, 468 So.2d 1113, 1114 (Fla. 3d DCA 1985); Evans v. State, 452 So.2d 987, 988 (Fla. 3d DCA 1984); LaChance v. State, 396 So.2d 1234, 1235 (Fla. 2d DCA 1981). Second, there was no discovery violation below, and, consequently no Richardson hearing was required to be held. See Matheson v. State, 500 So.2d 1341, 1342-43 (Fla.1987); Jackson v. State, 369 So.2d 1029, 1030 (Fla. 3d DCA 1979), cert. denied, 379 So.2d 206 (Fla.1980). Third, evidence that several months prior to the murder the defendant threatened to shoot the deceased was properly admitted in evidence. See Morris v. State, 487 So.2d 291, 293 (Fla.1986); Jones v. State, 440 So.2d 570, 577 (Fla.1983); Goldstein v. State, 447 So.2d 903, 906 (Fla. 4th DCA 1984). Fourth, evidence of a prior shooting involving the defendant and the deceased was admissible to negate the defendant’s claim of accident in this case, see Ruffin v. State, 397 So.2d 277, 280-81 (Fla.), cert. denied, 454 U.S. 882, 102 S.Ct. 368, 70 L.Ed.2d 194 (1981); Outler v. State, 322 So.2d 623, 624 (Fla. 3d DCA), cert. denied, 336 So.2d 107 (Fla.1976); Andrews v. State, 172 So.2d 505, 507 (Fla. 1st DCA 1965); other testimony concerning this incident, although technically inadmissible, was merely cumulative of evidence properly admitted and thus was harmless. See Feimster v. State, 491 So.2d 321, 321 (Fla. 3d DCA), rev. denied, 492 So.2d 1331 (Fla.1986); Brunette v. State, 456 So.2d 1324, 1324 (Fla. 4th DCA 1984); Henao v. State, 454 So.2d 19, 20 (Fla. 3d DCA 1984). Fifth, evidence of (a) the defendant’s drug use, (b) a statement made by the defendant’s mother, and (c) a statement by the deceased two months before the homicide, although technically inadmissible, were not so prejudicial to the defendant as to upset the instant convictions. § 59.041, Fla.Stat. (1985). Cf. Pritchett v. State, 414 So.2d 2, 3 (Fla. 3d DCA), rev. denied, 424 So.2d 762 (Fla. 1982); Ballard v. State, 323 So.2d 297, 300-01 (Fla. 3d DCA 1975); Lopez v. State, 264 So.2d 69, 70 (Fla. 3d DCA), cert. denied, 268 So.2d 161 (Fla.1972); Mahone v. State, 222 So.2d 769, 771-72 (Fla. 3d DCA 1969). Finally, the remaining points have no merit and require no discussion.
AFFIRMED.