627 So.2d 92 (1993)
Charles IRVING, Appellant,
v.
The STATE of Florida, Appellee.
No. 92-1659.
District Court of Appeal of Florida, Third District.
November 23, 1993.
*93 Bennett H. Brummer, Public Defender, and Kevin M. Emas, Special Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Avi J. Litwin, Asst. Atty. Gen., for appellee.
Before NESBITT, BASKIN and GERSTEN, JJ.
PER CURIAM.
Appellant, Charles Irving (Irving), appeals his convictions for attempted second degree murder with a firearm and unlawful possession of a firearm, and his sentence as a habitual violent felony offender. For the following reasons, we affirm on the three points presented as alleged error, but remand Irving's conviction and sentence for unlawful possession of a firearm while engaged in a criminal offense.

I.
Irving's first appellate issue is that the cumulative effect of the prosecutor's improper comments in closing argument requires reversal. After reviewing the numerous comments which are claimed as error, we conclude that the comments taken individually, or as a whole, did not so infect the proceeding as to deprive Irving of his fundamental right to a fair trial. Pope v. Wainwright, 496 So.2d 798, 802 (Fla. 1986), cert. denied, 480 U.S. 951, 107 S.Ct. 1617, 94 L.Ed.2d 801 (1987).
Although the prosecutor impermissibly vouched for the credibility of the State's witnesses and expressed his personal belief that they were telling the truth, the court sustained defense counsel's objections, gave a curative instruction and rebuked the prosecutor. See Kelly v. State, 451 So.2d 896 (Fla. 4th DCA), rev. denied, 458 So.2d 272 (Fla. 1984). Even though defense counsel objected to these comments, he never moved for a mistrial with respect to these remarks.
It is well established that if a defendant fails to object or if, after having objected, he does not ask for a mistrial, his silence will be considered an implied waiver. State v. Cumbie, 380 So.2d 1031, 1033 (Fla. 1980) (citing Clark v. State, 363 So.2d 331, 335 (Fla. 1978)), abrogated on other grounds; Kelly, 451 So.2d at 897. Even if the issue were properly preserved for appellate review, the comments, read in the entire context of closing arguments, do not constitute prejudicial error so as to require a new trial. Maggard v. State, 399 So.2d 973, 976 (Fla.), cert. denied, 454 U.S. 1059, 102 S.Ct. 610, 70 L.Ed.2d 598 (1981).
*94 Irving also claims that the prosecutor accused the defendant of lying. We determine the prosecutor merely submitted a conclusion which could be drawn from the evidence. Craig v. State, 510 So.2d 857, 865 (Fla. 1987), cert. denied, 484 U.S. 1020, 108 S.Ct. 732, 98 L.Ed.2d 680 (1988).
Irving's claim, that the prosecutor made comments which violated the "golden rule" of prosecutorial argument, was not preserved for appellate review by an objection or motion for mistrial. Clark, 363 So.2d at 335.
Similarly, the claims that the prosecutor ridiculed the defense theory and impugned defense counsel were simply not preserved for appellate review by a contemporaneous objection below. Carter v. State, 560 So.2d 1166, 1168 (Fla. 1990); Clark, 363 So.2d at 335.
Finally, Irving contends that the prosecutor improperly commented on the defendant's right to remain silent and his right not to present any evidence. We conclude that the prosecutor's comment was harmless error. State v. DiGuilio, 491 So.2d 1129 (Fla. 1986); State v. Marshall, 476 So.2d 150 (Fla. 1985). The evidence of guilt was overwhelming.
The state presented three eyewitnesses' testimony that the victim was backing up his car to get away from Irving when Irving walked into the road, held a gun straight out and fired several shots at the car. Evidence was adduced that the victim never tried to run over Irving. The eyewitnesses' testimony was not significantly impeached regarding the material facts. Skid marks corroborated the eyewitnesses' testimony that the car was backing up. Furthermore, none of the state's witnesses observed the victim with a gun, contrary to the statement Irving made to the police. Accordingly, the State proved beyond a reasonable doubt that the error complained of did not contribute to the verdict. DiGuilio, 491 So.2d at 1138.

II.
Turning to Irving's second point, the trial court did not abuse its discretion in admitting a gun into evidence even though it was not the gun used in the shooting. A trial court has wide discretion concerning the admissibility of evidence, and a ruling on admissibility will not be disturbed unless there has been an abuse of discretion. Jent v. State, 408 So.2d 1024, 1029 (Fla. 1981), cert. denied, 457 U.S. 1111, 102 S.Ct. 2916, 73 L.Ed.2d 1322 (1982).
The gun was relevant to establish the "entire context" of the crimes charged and served to corroborate the state witnesses' account of the shooting.[1]Heiney v. State, 447 So.2d 210, 214 (Fla.), cert. denied, 469 U.S. 920, 105 S.Ct. 303, 83 L.Ed.2d 237 (1984); Austin v. State, 500 So.2d 262 (Fla. 1st DCA 1986) (testimony by defendant's companion to circumstances immediately prior to activity which gave rise to charges, was so inextricably intertwined with crimes charged, that intelligent account of criminal episode could not have been given without background shooting), rev. denied, 508 So.2d 13 (Fla. 1987). Two eyewitnesses testified that Irving stated, "where is my piece" before the shooting occurred. The eyewitnesses then recounted that Irving went to the car in which he drove up to the scene, reached in and did not find a gun. When Irving could not locate his gun, he grabbed his friend's gun.[2]
The gun was also relevant to prove that the act charged was not the result of mistake, accident or inadvertence. The gun was admissible to negate the defendant's claim of accident in this case. Santana v. State, 535 So.2d 689 (Fla. 3d DCA 1988).
After extensive argument on the relevance of the gun, the trial court admitted it, thus implicitly concluding that the probative value of the gun outweighed the prejudicial effect. Accordingly, where the trial court has *95 weighed the probative value against the prejudicial impact before reaching its decision to admit or exclude evidence, an appellate court will not overturn that decision absent a clear abuse of discretion. Sims v. Brown, 574 So.2d 131, 134 (Fla. 1991).

III.
Irving's last point concerns his sentence as a habitual violent felony offender. Relying upon Ashley v. State, 614 So.2d 486 (Fla. 1993), Irving contends that the record does not adequately reflect that he knowingly and intelligent waived his right to a pre-sentence investigation report, a formal hearing to determine his status as a habitual violent felony offender, and the right to be informed of the maximum penalty and the three year minimum mandatory sentence he was facing. We conclude that no error has been demonstrated and affirm the sentence.
A defendant may knowingly and voluntarily waive his right to express factual findings qualifying the defendant as a habitual felony offender. Suarez v. State, 616 So.2d 1067 (Fla. 3d DCA 1993); Spriggs v. State, 615 So.2d 828 (Fla. 4th DCA 1993) (en banc); Jefferson v. State, 571 So.2d 70 (Fla. 1st DCA 1990).
The record reflects that Irving both accepted the habitual offender sentence and, expressly waived his right to a hearing under the habitual offender statute. The State properly gave notice of its intent to seek a habitual violent felony offender sentence prior to trial. During the sentencing hearing, the following transpired:
THE COURT: Mr. Irving, you are under oath, and you understand, you have had a chance to talk to your lawyer, Mr. Gaer about whether or not you give up your right to have a pre-sentence investigation concerning your background and prior convictions, and this case and to determine whether or not you are a habitual offender or a violent habitual offender, in accordance with the law. That is what would happen in a pre-sentence investigation report. Do you want to give that up?
THE DEFENDANT: Yes.
THE COURT: What I will do then is in conjunction with his lawyer, and having legal advice, he has waived his pre-sentence investigation, and the Court will make a specific finding that in accordance with a jury verdict of guilty, the Court will enter a guilty verdict, a guilty adjudication as to both counts and will find the defendant guilty and enter an adjudication as to both counts and will find the defendant guilty and enter an adjudication as to Count I and Count II and sentence Mr. Charles Irving under Fla. Stat. 775.084(1)(b) as a habitual violent felony offender; that he has met the terms and conditions of the statute and the State proffered to that and that it was within a five year period of time of this conviction, and that indeed, there appears to be some eight prior convictions of escalating proportion or pattern of criminality and this does involve a weapon, and certainly a preponderance of the evidence has been met by my taking that into consideration. So as to the habitual violent felony offender, the amount of time will be 22 years in the state prison. It will be a three-year minimum mandatory as a habitual offender.
It is unnecessary for the trial court to confirm that a defendant is personally aware of the consequences of habitualization before accepting a waiver by the defendant of his procedural rights after he has exercised his right to a jury trial and been convicted. Unlike the situation in Ashley, where the defendant was sentenced as a habitual offender after entering a plea of nolo contendere and was essentially seeking mercy from the court, here, Irving "rolled the dice" with a jury trial and was aware of the possibility of a harsher sentence. Accordingly, we affirm the twenty-two year habitual offender sentence imposed with the three year minimum mandatory.

POSTSCRIPT
However, although not raised by Irving on appeal, because his conviction for attempted second-degree murder with a firearm and his conviction for unlawful possession of a firearm during the commission of a *96 felony arose out of the same act, the doctrine of double jeopardy barred the latter conviction. See Cleveland v. State, 587 So.2d 1145 (Fla. 1991); Pearson v. State, 603 So.2d 676 (Fla. 3d DCA 1992) quashed on other grounds, 616 So.2d 49 (Fla. 1993); Sessions v. State, 597 So.2d 832 (Fla. 3d DCA 1992), quashed on other grounds, 610 So.2d 434 (Fla. 1992).
Accordingly, we remand Irving's conviction and sentence for unlawful possession of a firearm while engaged in a criminal offense for appropriate correction. We otherwise affirm Irving's convictions and sentences.
Affirmed.
NOTES
[1] We apply the familiar rule that an appellate court will not reverse when the trial court reaches the right result for the wrong reason. Grant v. State, 474 So.2d 259 (Fla. 1st DCA 1985), rev. denied, 484 So.2d 8 (Fla. 1986).
[2] Testimony was presented that casings found on the shooting scene came from a .45 caliber gun and could not have come from the .38 caliber gun which was introduced into evidence.