# Third District Court of Appeal

## State of Florida

Opinion filed January 7, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0085
Lower Tribunal No. F20-16291
_____

**Denzel A. James,**
Appellant,

vs.

**State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, William Altfield, Judge.

Carlos J. Martinez, Public Defender, and Deborah Prager, Assistant Public Defender, for appellant.

James Uthmeier, Attorney General, and Sandra Lipman, Senior Assistant Attorney General, for appellee.

Before EMAS, LINDSEY, and LOBREE, JJ.

LINDSEY, J.

Appellant, Denzel James, appeals his conviction and life sentence for the attempted murder of Jonathan Ivy.[1] James asks this Court to reverse and remand for a new trial because: (1) the trial court erred in allowing the State to show the jury a still frame of a video that depicted James holding what appears to be a firearm; (2) the prosecutor committed misconduct by repeatedly calling James an evil person; and (3) testimony that James tried to purchase narcotics was uncharged bad acts evidence that deprived him of a fair trial. We disagree with all three points and affirm.

**BACKGROUND**

In November 2020, Ivy was socializing outside a corner store when a man wearing a black hat, black hoodie with a large white stripe, black shoes, ankle monitor, and a red bandanna approached Ivy and shot him several times. Although Ivy was unable to see the shooter's face, he recalled that James, who also wore an ankle monitor, was at the same corner store around the time he was shot.

Ivy asserted James shot him, and the State charged James with attempted first-degree murder with a deadly weapon.[2] At trial, in its opening

---

[1] We have jurisdiction under Florida Rule of Appellate Procedure 9.140(b)(1)(A), (F).

[2] The State also charged James with possessing a firearm as a convicted felon but ultimately dismissed that count.

statement, the State characterized James as "evil." The State introduced a still frame from a video. The State also introduced the video the image came from to provide context to the image. When James objected to introduction of the image, the trial court overruled James' objection and allowed the image to come in with the added context of playing the video the image came from to the jury. That video showed James did not have a weapon or attempt to rob the corner store; it showed James was only handing an item to an unthreatened cashier.

Ivy testified that a few days before the shooting, he and James got into a dispute because Ivy refused to give James $20.00 to purchase crack. James allegedly asserted he was going to kill Ivy during the dispute. James did not object to the State's opening statements or Ivy's testimony. After trial, the jury deliberated for a few hours until ultimately finding James guilty of attempted murder. Because James qualified as a prison release reoffender, the trial court imposed the required life sentence under section 775.082, Florida Statutes (2025).

This timely appeal followed.

**ANALYSIS**

James challenges the trial court's admission of the still frame from a video showing James at the crime scene hours before Ivy was shot. James argues the relevance of the image is substantially outweighed by the danger

3

of unfair prejudice because viewing the image alone may have mislead the jury into believing they were seeing an image of James pointing a gun at a cashier.

"The admission of evidence is a matter within the sound discretion of the trial court." Sidran v. E.I. Dupont De Nemours & Co., 925 So. 2d 1040, 1042 (Fla. 3d DCA 2003); State v. Marin, 319 So. 3d 79, 81 (Fla. 3d DCA 2021) ("A trial court has wide discretion concerning the admissibility of evidence, and a ruling on admissibility will not be disturbed unless there has been an abuse of discretion.") (quoting Irving v. State, 627 So. 2d 92, 94 (Fla. 3d DCA 1993)). "The trial court's decision in that regard must be viewed in the context of the trial as a whole." Sidran, 925 So. 2d at 1042; see also Smith v. State, 320 So. 3d 20, 31 (Fla. 2021) ("Context matters in evaluating a trial court's exercise of discretion in evidentiary rulings."). "Relevant evidence is inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence." § 90.403, Fla. Stat. (2025).

Here, the jury saw both the image and the video which the image originated from. The jury had the context of the video to reasonably understand the image depicted James moments before he would give an item to the cashier, rather than commit any robbery. So when considered in the context of the entire trial, the only prejudicial aspect with respect to this

4

photo is a relevant one: James matched Ivy's description of the shooter and was at the crime scene at some point before Ivy was shot.  See Sidran, 925 So. 2d at 1042.  Although the still frame may be cumulative evidence of the video the State introduced, we cannot reverse based solely on cumulative, but relevant, evidence.  See Moore-Bryant v. State, 386 So. 3d 567, 573 (Fla. 4th DCA 2024) (citation modified) ("An error in the introduction of evidence may be considered harmless if the evidence is merely cumulative to other evidence that was properly introduced.").  We are accordingly constrained to affirm as to this issue.

As to the other issues raised, James did not object to the State's opening statements, or the admission of Ivy's testimony.  These issues are unpreserved and thus waived.  See Philip J. Padovano, 2 Fla. Prac., Appellate Practice § 8:3 (2025 ed.) ("An objection is required at or about the time of the objectionable argument or comment.  If the objection comes too late, . . . the appellate court will conclude that the right to present the issue has been waived . . . In the absence of a timely objection, an appellate court will [also] not ordinarily review an argument that evidence was improperly admitted or excluded."); Araujo v. Winn-Dixie Stores, Inc., 290 So. 3d 936, 940-41 (Fla. 3d DCA 2019) ("A contemporaneous objection to improper comments is necessary to preserve error, unless the error is fundamental.");

5

Florida Peninsula Ins. Co. v. Nolasco, 318 So. 3d 584, 586 (Fla. 3d DCA 2021); Kaczmar v. State, 228 So. 3d 1, 11 (Fla. 2017).

Neither the improper comments nor the admission of Ivy's testimony constitutes fundamental error. To determine whether improper comments made at trial deprived a defendant's right to a fair trial, rising to the level of fundamental error, we must evaluate "whether the [improper] statement was repeated and whether the jury was provided with an accurate statement of the law after the improper comment was made." Poole v. State, 151 So. 3d 402, 415 (Fla. 2014); Talley v. State, 260 So. 3d 562, 574 (Fla. 3d DCA 2019).

It is undisputed that the State's opening statements, characterizing James as "evil" on three separate occasions, is improper. Still, these statements were made during opening argument only, and the trial court rebuked the State for making those comments and delivered proper jury instructions on the attempted murder charge at the end of trial. See Kaczmar, 228 So. 3d at 12 (holding that prosecutor's improper characterization of mitigating evidence did not rise to the level of fundamental error where comment was made only once, and the trial court read the standard jury instructions, which included an accurate statement of the law); see also Bright v. State, 299 So. 3d 985, 1000 (Fla. 2020).

And Ivy's testimony that James threatened Ivy for not offering James $20.00 for crack was not introduced solely to prove James' "bad character or propensity" to use illicit substances; it was offered to prove James had a motive or intent to shoot Ivy. See § 90.404(2)(a), Fla. Stat. (2025) ("[F]act evidence of other crimes, wrongs, or acts is admissible when relevant to prove a material fact in issue, including, but not limited to, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, but it is inadmissible when the evidence is relevant solely to prove bad character or propensity."). So even though evidence of James' propensity to use illicit substances in and of itself is irrelevant and prejudicial to the attempted murder charge, the trial court did not commit fundamental error in admitting Ivy's testimony because it tended to prove James' motive or intent to shoot Ivy. Id.

## CONCLUSION

For the reasons set forth above, we affirm.