194 So.2d 670 (1967)
Walter CARLTON, Appellant,
v.
Dennis Leon JOHNS and Charles W. Johns, by and through Their Mother and Next Friend, Myrna Johns, et al., Appellees.
No. 207.
District Court of Appeal of Florida. Fourth District.
February 8, 1967.
*672 Hal S. Ives, of Ives & Davis, West Palm Beach, and Charles T. Carlton, of Carlton McCain, Carlton & Brennan, Fort Pierce, for appellant.
Joe N. Unger and Headley & Sudduth, Miami, for appellees Johns.
ANDREWS, Acting Chief Judge.
Walter Carlton, a co-defendant, appeals from a final judgment entered upon a jury verdict in favor of plaintiffs, Dennis Leon Johns and Charles W. Johns, minors, brought by their mother and next friend, Myrna Johns, to recover damages for the wrongful death of their father, William Riley Johns, Jr.
Decedent, William Riley Johns, Jr., and John Bradley Hays, in a 1954 Chrysler, followed Lester Harold Matchett, driving a 1956 Ford, on the road from Fort Pierce to Okeechobee. The Ford car driven by Matchett slowed down as the cars approached an overpass that leads into the City of Okeechobee. The Chrysler in which Johns was a passenger went out of control while attempting to avoid hitting the lead car, turned over and killed him.
The complaint alleged that John Bradley Hays was grossly negligent and Lester Harold Matchett was negligent in the operation of their respective vehicles and that Walter Carlton was liable under Florida's dangerous instrumentality rule. Defendant, Carlton, denied that he was the owner of the Ford driven by Matchett. Carlton alleged that he bought the Ford for Matchett and sold it to him in order to enable Matchett to work for him. Carlton admitted that the title certificate was issued in his name and that liability insurance on the car was obtained in his name. Carlton contended that Matchett had unrestricted use of the Ford and that he was taking from Matchett's salary the automobile payments and liability insurance premiums.
The jury returned a verdict for the plaintiffs and against the defendants, Hays, Matchett and Carlton, and assessed damages in the amount of $18,360 for Dennis Leon Johns and $17,640 for Charles W. Johns.
Only defendant, Walter Carlton, has appealed from the final judgment entered upon the jury verdict in favor of plaintiffs.
The first issue presented to us is the refusal of the court to grant defendant's motion for a directed verdict on the grounds that the only evidence of ownership was the fact that defendant had bare legal title and liability insurance. Evidence that title is in defendant's name and that defendant maintained liability insurance is sufficient to withstand a motion for summary judgment. Register v. Redding, Fla. App. 1961, 126 So.2d 289. Since the movant for either a summary judgment or a directed verdict admits not only the basic facts established that are favorable to the adverse party, but every conclusion or inference favorable to the adversary that might reasonably be inferred from the evidence, defendant's motion for directed verdict on the question of ownership was properly denied. 30 Fla.Jur., Summary Judgment, § 4; Register v. Redding, supra, at page 291.
It is next contended that the motion for a new trial should have been granted because of several comments made by plaintiffs' counsel during final argument which allegedly deprived defendants of a fair and *673 impartial trial free from passion and prejudice. The comments to the jury by counsel for plaintiffs which defense counsel considers objectionable are as follows:
(1) "So far all five of these people that the plaintiff has produced have nothing to gain, but does John Bradley Hays have something to gain? Does he have an interest in this matter? I will give you a big one, a real big interest, as to how this accident occurred, a real big reason for him to tell you a falsehood, to tell you from the time this thing happened. The State Penitentiary for manslaughter, that is a good reason, and that is John Bradley Hays' reason. * *"
(2) "I think the most telling item of all is the fact that Mr. Matchett or Mr. Carlton had the foresight to protect himself from just this situation by insurance that would pay any judgment that you may render against him. It will pay for his lawyer over here. His insurance company is paying for his lawyer. Matchett is covered incidentally under this policy, although he is not named in it, because the policy provides. * *" (Emphasis added.)
(3) "This whole case revolves around one point, the interest or lack of it of these witnesses in the outcome of this case. I have already told you what interest `Bubba' Hays has. He has an interest in staying out of the penitentiary."
Defense counsel objected to the comments in the second and third numbered paragraphs. The trial court then cautioned plaintiffs' counsel not to go into the terms of the policy. Later, upon defense counsel's objection the court warned plaintiffs' counsel to "stay away from the question of the penitentiary." The court was not requested by counsel to instruct the jury to disregard the objectionable remarks, nor did it do so on its own motion.
We cannot say that plaintiffs' counsel improperly argued to the jury that defendant, Hays, was likely to tell a falsehood to escape from being sent to the penitentiary. The record on appeal does not contain the complete transcript of testimony, and it is possible that such argument was a fair inference to be drawn from the evidence. We do note that defense counsel initially failed to object to such statements.
It is the comment quoted above as paragraph (2), which was objected to, which causes serious concern. Counsel for plaintiff attempted to use the fact that defendant maintained liability insurance on the vehicle in question by telling the jury that the insurance would pay any judgment the jury might return against the defendant and would pay for defendant, Carlton's lawyer.
The interjection of liability insurance in a civil action for negligence has long been a matter of concern for the courts. Ryan v. Noble, 1928, 95 Fla. 830, 116 So. 766. The fact that a defendant has liability insurance can be established at trial where the issue of ownership is in dispute. Barnett v. Butler, Fla.App. 1959, 112 So.2d 907. The court in Barnett v. Butler, supra, noted that the trial court should, when such fact is admitted in evidence, by appropriate charge impress upon the jury the importance of considering the evidence of insurance only to the extent of shedding light on the issue of ownership. The trial court by simply instructing the jury that "it is proper for you to consider the fact that the Defendant Carlton maintained liability insurance on the Ford automobile, but again this one fact is not conclusive in and by itself" is not sufficient compliance with this rule.
*674 Although defense counsel objected to the remarks we consider improper, they did not request the court to instruct the jury to disregard the remarks or to remove the prejudicial effect by an otherwise appropriate instruction. We are of the opinion that the argument by plaintiffs' counsel that the insurance company would pay for any judgment which might be rendered against defendant went beyond the issue of ownership and was highly prejudicial to defendant. Under the circumstances of this case we must apply the rule that, where prejudicial conduct is so extensive that it impairs a calm and dispassionate consideration of the case by the jury, a new trial should be awarded regardless of whether or not an objection was made. Tyus v. Apalachicola Northern Railroad Company, Fla. 1961, 130 So.2d 580.
The Supreme Court in Baggett v. Davis, 1936, 124 Fla. 701, 169 So. 372, reversed a jury verdict for plaintiff where plaintiff's counsel made a statement of a similar nature during his closing argument to the jury. There the court noted that defense counsel did not object to the highly improper argument, nor did the trial court of its own motion admonish counsel for plaintiff or instruct the jury not to consider the statement.
Baggett v. Davis, supra, sets forth the duty of the trial judge, whether requested or not, to check improper remarks of counsel to the jury and to seek by proper instructions to the jury to remove any prejudicial effect they might have had upon the jury. We reaffirm the rule that a verdict should not be set aside by an appellate court because of such remarks or because of any omissions of the trial court to perform its duty in the matter unless objection be made at the time of their utterance. We also recognize that this rule is subject to the exception that improper remarks which are of such character that neither rebuke nor retraction may entirely destroy their sinister influence, a new trial should be awarded regardless of the want of objection. Akin v. State, 1923, 86 Fla. 564, 98 So. 609; Baggett v. Davis, 1936, 124 Fla. 701, 169 So. 372. See Seaboard Air Line Railroad Co. v. Strickland, Fla. 1956, 88 So.2d 519; Tyus v. Apalachicola Northern Railroad Company, Fla. 1961, 130 So.2d 580.
Accordingly, we hold that the trial judge should have granted defendant a new trial because of the highly prejudicial remarks made by counsel for plaintiffs during closing argument.
Since there must be a new trial, the issue whether the verdict is excessive need not be considered.
Defendant's remaining point on appeal concerns the refusal of the trial court to grant defendant's proposed instruction number 10. The record shows that the trial court was under the impression that counsel for defendant had withdrawn the instruction. Counsel for defendants did not promptly inform the court that the instruction had been omitted. We have reviewed the instructions as given to the jury and agree, however, that an appropriate instruction regarding the intent of the parties to make a transfer of beneficial ownership should be given to the jury on the issue of ownership of the vehicle. Palmer v. R.S. Evans, Jacksonville, Inc., Fla. 1955, 81 So.2d 635. Since the case must be reversed, counsel for defendants will have another opportunity to submit appropriate instructions of law.
Reversed and remanded for new trial.
ALLEN, WILLIAM P., and KANNER (Ret.), Associate Judges, concur.