## RUSSELL, et ux v. EDGERTON, et al.

No. 71-870.

Circuit Court, Seminole County.

March 21, 1972.

James C. Fisher, Winter Park, for the plaintiffs.

Leonard D'Aiuto, Orlando, for the defendants.

RICHARD B. MULDREW, Circuit Judge.

This court has heard plaintiffs' motion for a new trial and the other motions as set forth by the parties. The court takes note that the trial in this case was held from October 10 until October 12, 1971, a period of two days during which time the court became

expressly familiar with the facts of the case. On October 12, 1971 the jury returned a verdict for the defendants.

After careful consideration of all the evidence and by virtue of my close contact with the trial and standing in a position where I have the opportunity to better understand the ultimate decision of the jurors, it is my opinion that the verdict in favor of the defendants was against the manifest weight of the evidence, furthermore that the jury was deceived as to the force and credibility of the evidence — and it may well have been influenced by considerations outside the record.

I specifically find that the jury could not have returned a verdict for the defendants had they not been deceived as to the force and credibility of the evidence. I also, as previously stated, believe that the verdict was contrary to the overwhelming manifest weight of the evidence.

The court finds that there is ample authority for the granting of a new trial on this basis. First, in the Supreme Court case of Cloud v. Fallis, Fla. 1959, 110 So.2d 669, and in a more recent case in the Fourth District, Pitman v. Smith, 252 So.2d 279.

As further grounds for granting a new trial, the court finds that improper remarks and comments were made by defense counsel during the trial. The court notes that, although objections were not made in response to each of such improper remarks and comments, where the arguments of counsel are so improper and inflammatory as to prevent the jury from making a calm and dispassionate decision based on the law and the evidence, the fact that such objections were not made in each instance in timely fashion will not prevent the entering of an appropriate order by the court.

Among the arguments of defense counsel which the court feels so highly inflammatory that they deceived the jury, the court cites the following excerpts from his final argument —

> Let's talk about the criminality of this thing. The accident occurred on the 20th of July and within two weeks and at that time she had been seen by not just one orthopedic surgeon but by two orthopedic surgeons. Dr. Stanford saw her and said, you know, if he couldn't find anything wrong with her, or something like that, but couldn't go home by the 3rd or the 1st month, and at that point of time, of course, they had hired this person to go in there and take pictures. The attorney was already in the picture taking pictures. Taking pictures of her in traction for what purpose . . .

> You will have the pictures, you will have the bills, and then you will say, "well, she incurred all of these medical expenses" . . .

Then we have the starting of the ballgame, you have all probably read the book or seen the movie or heard about *Anatomy of a Murder*, you know, where an alleged murderer has a conference with his attorney and the attorney says, let me tell you about defending a murder case. This is usually what happens by the prosecution. And he goes down all of the things about the anatomy of a murder. And then you have a case of where they say tell me your story of how this accident happened, and what kind of injuries did you sustain and what doctors are you going to, what are your complaints, and what are your bills and then we go from there . . .

The court further notes that, prior to trial of this cause, counsel for the parties entered into a stipulation, the original of which was filed with the court, agreeing as to the form, reasonableness and necessity of Dr. Joseph Uricchio. Defense counsel, notwithstanding the said stipulation, stated as follows in his final argument —

I find nothing wrong as to Dr. Uricchio as to his qualifications or anything else and he is honest, he is very honest, he just charges a pretty high price which is well known in his community and you can compare his bills.

Defense counsel further stated, again in his final argument —

Well if she didn't tell him about those things, what would we be here about, anatomy of a murderer, you have your conference with your attorney, or you repeat every complaint so the doctor can complete the picture.

The court is of the opinion that even though these comments by defense counsel were not objected to by plaintiffs' counsel, neither rebuke nor retraction could entirely destroy their misleading influence, and that a new trial should be granted without regard to the lack of an objection or exception thereto. Baggett v. Davis, 169 So.372 (Fla. 1936) ; Carlton v. Johns, 194 So.2d 670 (4th DCA Fla. 1967).

The court therefore finds that the verdict returned by the jury was against the manifest weight of the evidence; that the jury was deceived as to the force and credibility of the evidence; and further that the remarks of defense counsel, as set forth herein, were of such a nature that neither rebuke nor rebuff could have cleared the record of their prejudicial influence.

It is therefore ordered and adjudged that the plaintiffs' motion for a new trial is granted, and that this cause be set for trial at the next sounding of the trial docket; that the court will entertain a motion for the taxation of costs reasonably and necessarily incurred by plaintiffs in seeking a new trial of this cause; defendants' motion to tax costs is now moot.