BOARDMAN, Acting Chief Judge.
After trial by jury, appellant was convicted of the theft of certain items from Cooper Radio Company. He argues on appeal that the trial court erred in allowing testimony concerning his alleged commission of crimes of a similar nature. We agree and reverse.
An employee of Cooper Radio Company testified that a string of unsolved thefts had occurred in the store. The relevant portions of his testimony are as follows:
*1019 Q [By the prosecutor] Tell us why your suspicion that this man [appellant] was different from anyone else who walked in your store.
A Because we had, we had — another employee of the store had seen him — one of the employee’s sons — excuse me — had seen him steal something before, and we were suspicious of him from that.

Q Did you see him on any other occasion which would make you suspicious of him if he came into your store again?
A We had had a string of thefts occur in the store of small items, expensive items, like tape recorders, photograph cartridges, things like that, disappear. We had never seen anyone [sic] take them, but we noticed that at least one of the items one day, which was in a place near where the defendant had been walking, we noticed a few hours after he had left that unit was missing. ...

. .. [A]s a result of that, we tried to keep closer scrutiny on him when he came into the store, because he would come into the store once in a while, he would buy a few things, .. . and then he would take a long time walking around the store.
Q So is it because of these early incidents that you kept a particular close eye on him this time . . .?
A Yes.... [W]e had made, arrangements with the police to call them the next time that he was in the store.
This testimony was admitted over the timely objection of appellant’s trial attorney.
In Dibble v. State, 347 So.2d 1096 (Fla.2d DCA 1977), this court reversed a conviction because testimony implied that the defendant there had been involved in similar criminal activities in the past. We stated:
In Williams v. State, 110 So.2d 654 (Fla.1959), it was held that similar fact evidence of a prior crime is admissible if relevant, except to prove bad character or criminal propensities. However, prior to evidence of an independent crime being admissible, it is essential to show that the former crime was committed and committed by the person on trial. Norris v. State, 158 So.2d 803 (Fla. 1st DCA 1963) and State v. Norris, 168 So.2d 541 (Fla.1964).
Id. at 1097.
The testimony characterizing appellant as a shoplifting suspect was a clear violation of the Williams Rule. Moreover, there was no proof that appellant had committed any previous thefts. Thus, this testimony was inadmissible. Williams, supra; Norris, supra. It was also highly prejudicial, so that reversal is required here.
Accordingly, the judgment and sentence is REVERSED and the cause REMANDED for new trial.[1]
CAMPBELL and SCHOONOVER, JJ., concur.

. We note that appellant was charged with grand theft but convicted of the lesser included offense of petit theft. On remand, therefore, he may, of course, only be tried for the offense of petit theft.