LEHAN, Judge.
Appellant was charged with and convicted and sentenced for the second degree murder of her husband. We reverse.
Appellant raises two points on appeal. The first is that the denial of appellant’s motion for judgment of acquittal was error. The second is that appellant’s testimony on cross examination by the state, over appellant’s objection and motion for mistrial, that she was a beneficiary on her husband’s life insurance policies was improper.
After careful examination of the record, we do not find error in the trial court’s denial of appellant’s motion for judgment of acquittal. However, we do find error in allowing appellant’s testimony to the jury that she knew she was a beneficiary on her husband’s life insurance.
The state was permitted to ask appellant several times if she had been aware that she was the beneficiary on three life insurance policies on her husband’s life. Her response was that she gave “the papers” (presumably insurance papers) to her attorney and that she was aware that she was a beneficiary on her husband’s “company policy.” Additionally, the state was permitted to ask appellant several times about her representation by an attorney in a legal proceeding filed after her husband’s death which concerned her husband’s life insurance. Her answer was in the affirmative.
We believe that the natural effect of that type of testimony would be to encourage the jury to consider premeditation or motive and thereby to envision a greater degree of murder than the degree charged. Such an effect could only result in unfair prejudice to appellant. We concur with the reasoning in People v. Bush, 84 Cal.App.3d 294, 148 Cal.Rptr. 430 (Cal.Ct.App.1978):
To hold that the insurance evidence was admissible in this instance would permit evidence in any situation where an individual with insurance in any amount died at the hands of his beneficiary, regardless of the circumstances. Having in mind that the evidence in this case was such that the trial court ultimately granted a judgment of acquittal on the charges of first and second degree murder, thereby determining an absence of malice aforethought as a matter of law, we believe that the evidence of the insurance policy on Gary’s life could only serve to confuse the jurors and encourage them to engage in improper speculation about a possible motive.
Id. 148 Cal.Rptr. at 438.
While a wide range of cross-examination is not only permitted but proper, evidence that has little or nothing to do with the crime charged should generally be excluded unless it is within the scope of direct examination or could be considered as impeachment. See Gelabert v. State, 407 So.2d 1007 (Fla. 5th DCA 1981). There had been no mention of insurance prior to the state’s cross-examination of appellant. The testimony in question was not for impeachment.
Evidence of an insurance policy under which a wife is a beneficiary may be arguably of some relevance in a case like this, especially if unusual circumstances exist, e.g., particularly high limits on a recently acquired policy. But no unusual circumstances were shown, it is common for a wife to be a beneficiary of her husband’s life insurance, and even relevant evidence is inadmissible if unfair prejudice or confusion substantially outweighs its probative value. *586 Section 90.403, Fla.Stat. (1981); Aho v. State, 393 So.2d 30 (Fla. 2d DCA 1981). Here, where premeditation was not an element of the crime charged, the range of cross-examination in the foregoing respect should have been restricted.
Accordingly, we REVERSE appellant’s judgment and sentence and REMAND for a new trial.
SCHEB, A.C.J., and SCHOONOVER, J., concur.