PER CURIAM.
The appellant appeals a second degree murder conviction following a jury trial. The appellant had been living with the victim and her young son when, §fter a drinking bout, an altercation occurred. The victim was found dead by the young son. The appellant disappeared the night of the altercation and was apprehended some months later.
The trial court ruled that the victim’s son, who was five at the time of the incident, would be permitted to testify. During the time he was before the jury and testifying, he blurted out “My mommy died, cause my — cause Chester was fussing at her.” Immediately a proper motion for mistrial was made and denied. Thereafter the jury returned the verdict of guilty and the appellant was adjudicated such and sentenced to seventy-five years imprisonment.
The appellant has raised several points for reversal. First, that the circumstantial evidence was insufficient to support a verdict of guilty and at most, the evidence would support a conviction of manslaughter, that the court erred in its ruling permitting the then six year old to testify and lastly, that the court erred in denying a mistrial because of the inflammatory and prejudicial statement of the child that the appellant killed his mother.
We find no merit in the error urged, as to the circumstantial evidence, Huff v. State, 437 So.2d 1087 (Fla.1983); Washington v. State, 432 So.2d 44 (Fla.1983), as to the failure to reduce the charge to manslaughter, LaChance v. State, 396 So.2d 1234 (Fla. 2d DCA 1981); Smith v. State, 314 So.2d 226 (Fla. 4th DCA 1975), and as to the alleged abuse of discretion in permitting the minor to testify, Rutledge v. State, 374 So.2d 975 (Fla.1979); Williams v. State, 400 So.2d 471 (Fla. 5th DCA 1981); Romero v. State, 341 So.2d 263 (Fla. 3d DCA 1977). We do find error in the failure to declare a mistrial because of the minor’s statement. State v. Vasquez, 419 So.2d 1088 (Fla.1982); Evans v. State, 432 So.2d 584 (Fla. 2d DCA 1983); Long v. State, 407 So.2d 1018 (Fla. 2d DCA 1981). We therefore reverse the conviction and sentence and return the matter to the trial court for a new trial.
Reversed and remanded with directions.