546 So.2d 1143 (1989)
David PARKANSKY, Appellant,
v.
OLD KEY LARGO, INC. and St. Paul Fire and Marine Insurance Company, Appellees.
No. 88-1583.
District Court of Appeal of Florida, Third District.
July 25, 1989.
*1144 Steven E.M. Hartz, Miami, for appellant.
Kubicki, Bradley, Draper, Gallagher & McGrane and Betsy E. Gallagher and Daniel Draper, Miami, for appellee St. Paul Fire and Marine Ins. Co.
No appearance for Old Key Largo, Inc.
Before HUBBART, FERGUSON and COPE, JJ.
FERGUSON, Judge.
St. Paul Fire and Marine Insurance Company filed an action against its insured, Old Key Largo, Inc., and David Parkansky, seeking a declaratory judgment that Parkansky was a tavern employee of Old Key Largo acting within the scope of employment when injured and thus excluded from coverage under the terms of its general liability policy. The jury returned a verdict for the insurer. We reverse and remand for a new trial.
By a pretrial motion in limine, Parkansky sought an order prohibiting the insurer from inquiring about the seizure and impoundment of his boat by customs agents for suspected drug trafficking. He alleged that the fact of the seizure would be prejudicial to him in the trial of the case if disclosed to the jury and that the probative value of the information, if any, was substantially outweighed by the danger of unfair prejudice. The court reserved ruling on the motion.
Consistent with Parkansky's defense, that his occupation was other than a barroom bouncer, his attorney told the jury, in opening statement:
Mr. Parkansky was a charter boat captain, a fisherman, took people out. You're going to see a picture of his boat. He had a big fifty-foot sport fisherman. At the time of this incident it was in drydock... . That's what he's always done... . Mostly he's been a charter boat captain.
The insurer's strategy was to disprove the other-occupation defense by showing that Parkansky was not working as a charter boat captain at the time of his injury. To immediately make the point at trial, the insurer called Parkansky as an adverse witness and asked him whether he had been out on the boat during the seven months preceding the incident. Parkansky answered that he had not and explained that his boat was in the boatyard. St. Paul's counsel then inquired further, and Parkansky answered:
Q. It [the boat] was in the boatyard, was it not sir, as a result of being impounded by customs?
A. Not at that time, no.
Parkansky's objection was sustained and, without a request, the court instructed the jury to disregard the question. Although the trial judge agreed that the question was prejudicial, and that it had no probative value, he denied Parkansky's motion for a mistrial  apparently of the view that the error was harmless. The jury returned a verdict for the insurer finding that Parkansky was an Old Key Largo employee not covered by St. Paul's policy.
Parkansky's contention on appeal is that counsel's remark concerning the boat seizure by custom's agents was irrelevant, and was intended to, and did cause extreme prejudice by implying that Parkansky was involved in transporting illegal drugs. Appellant argues, persuasively, that a jury of citizens vehemently opposed to drug smuggling activities would reasonably have drawn that inference from the comment.
Concededly, not all of the objected to line of questioning was irrelevant. It was proper *1145 to disclose to the jury that Parkansky's boat had been in drydock for over seven months and for that reason he had not worked as a charter boat captain during the period. However, the reason it was drydocked  because of seizure by customs agents  added nothing of probative value to the inquiry and was, most certainly, prejudicial.
A new trial is warranted when an improper comment is likely to result in substantial prejudice to the complaining party, Riedel v. Driscoll, 124 So.2d 42 (Fla. 1st DCA 1960), and where the improper suggestion is of such character that a curative instruction is insufficient "to destroy [its] sinister influence." Carlton v. Johns, 194 So.2d 670, 674 (Fla. 4th DCA 1967); Russell, Inc. v. Trento, 445 So.2d 390, 392 (Fla. 3d DCA 1984). In this case the trial court found that the comment was prejudicial and without probative value. We agree with the appellant that the jury may reasonably have inferred from counsel's remark that the plaintiff was a drug dealer  a reference which may have destroyed the "cold neutrality of an impartial jury," Bullock v. Branch, 130 So.2d 74, 76 (Fla. 1st DCA 1961), beyond repair. Carlton, 194 So.2d 670.
Because the evidence from both sides made the case close on the pivotal question  whether Parkansky was an employee of Old Key Largo  there is a reasonable probability that a result more favorable to the appellant would have been reached if the error had not been committed. For that reason the error was not harmless. Aristek Communities, Inc. v. Fuller, 453 So.2d 547 (Fla. 4th DCA 1984).
Reversed and remanded.