FERGUSON, Judge.
In January, 1984, Stephanie Caneda — age 18 — visited her girlfriend, Maria, a resident of the Golfview Condominium complex. Allegedly, Armondo Arias, a maintenance employee at the condominium, suggested that the two young women go up to the roof area so that they could sing and play the guitar without disturbing other tenants. Upon ascending the moonlit roof, Stephanie sat on a concrete structure that she thought was a metal-topped air conditioning unit. In fact, the structure was a garbage chute covered by a one-eighth inch thick sheet of untempered glass. The glass broke causing Stephanie to fall seven stories to a basement dumpster. She died in a hospital shortly thereafter. Her parents brought this wrongful death action. At trial, the jury found Golfview 100% at fault and awarded $450,000 in damages to each parent.
On review of the evidence relied upon at trial by the appellants — photographs and a challenge to the eyewitness’ credibility — we agree with the trial court’s ostensible conclusion that the evidence did not admit of different reasonable inferences, Hendricks v. Dailey, 208 So.2d 101 (Fla.1968), on the issue of the victim’s status on the premises. Therefore, no error is shown in the court’s instruction to the jury that the victim was an invitee to whom a duty of reasonable care was owed. Post v. Lunney, 261 So.2d 146 (Fla.1972). Neither are we persuaded that the argument of plaintiff’s counsel — suggesting that the victim’s status as an invitee precluded a finding of comparative negligence — improperly swayed the jury to disregard the court’s instruction on the law. Without reaching the close question of the argument’s propriety, it cannot be said, considering the facts, that a result more favorable to the appellant would have been reached if the alleged improper argument had not been made. Compare Parkansky v. Old Key Largo, Inc., 546 So.2d 1143 (Fla. 3d DCA 1989).
The remaining points on appeal are without merit.
Affirmed.