PER CURIAM.
Paula Rice was tried and convicted for the robbery of a convenience store largely on the testimony of two cohorts who testified on behalf of the state: Bernadette Crucilla, who held the gun, announced the robbery, and received the proceeds from the clerk, and Lisa Walker, who drove the getaway car. Rice claims that the trial court committed reversible error in allowing the prosecution to recall Crucilla and Walker on rebuttal to testify that she also participated in at least two other robberies in which they were involved. We agree with her contentions that the jury was erroneously allowed to hear collateral crimes evidence and accordingly reverse for a new trial.
Rice took the stand in her own defense and admitted being on the scene in the convenience store with Crucilla until the moment that Crucilla began to pull out a gun. When Crucilla pulled out the gun, Rice realized that Crucilla was serious about committing the robbery as Crucilla had threatened to do earlier. Rice admitted to having seen Crucilla with the gun earlier that evening but claimed she had no knowledge that Crucilla had it on her when the three of them went into the store to *598 make some purchases. When she saw that Crucilla was about to commit the robbery, Rice bolted out the door to the waiting car, leaving her items on the counter. The convenience store clerk’s testimony substantially corroborated Rice’s version of her actions.
During cross-examination, the prosecutor asked Rice about the gun on Crucilla’s person and the argument Crucilla and Rice had prior to going to the convenience concerning whether Crucilla would force Rice to do the robbery with her. Because Rice claimed not to know that Crucilla had a gun, the prosecutor asked her how she (Rice) thought that Crucilla was going to rob the store. In response, Rice said: “I don’t know. She has done eleven robberies. I don’t know how she did it or how she does it.” At this point the prosecutor claimed that the door had been opened to inquiry about Rice’s previous criminal conduct. The trial judge allowed the line of inquiry on his mistaken belief that Rice had said that she (Rice) had participated in the eleven robberies. On further cross-examination, Rice claimed that she herself did not participate in any of the eleven robberies but had learned of them through the newspapers and from Crucilla herself.
On rebuttal and over defense objection, the prosecution again put Crucilla and Walker on the stand, and both claimed that Rice had participated with them in at least two other robberies, one of a delivery boy and one of a sandwich shop.
As Rice correctly points out, evidence of other, unrelated crimes had nothing to do with whether the state could prove that she committed the one crime of the convenience store with which she was charged in the instant case and only prejudiced the jury by presenting evidence going to an alleged bad character or propensity to commit crimes. See Williams v. State, 110 So.2d 654 (Fla.1959).
[Wjhen a question, posed on cross-examination, relates only to a matter collateral and non-material to any issue at trial, the witness’ answer to the question is deemed conclusive. Consequently, the witness cannot be impeached with regard to this testimony by any of the normal means of subsequent impeachment, including contradiction testimony by another witness.
Gelabert v. State, 407 So.2d 1007, 1009 (Fla. 5th DCA 1981); see also Lusk v. State, 581 So.2d 1377 (Fla. 2d DCA 1988); Pate v. State, 529 So.2d 328 (Fla. 2d DCA 1988); Evans v. State, 432 So.2d 584 (Fla. 2d DCA 1983); Lee v. State, 566 So.2d 264 (Fla. 1st DCA 1990). The test of relevancy and materiality is whether the cross-examining party could have, for any purpose other than impeachment, introduced evidence on the subject in its case in chief. Johnson v. State, 178 So.2d 724 (Fla. 2d DCA 1965). If the evidence is relevant to independently prove a material fact or issue or if it goes to discredit a witness by pointing out bias, corruption, or lack of competency, it will be allowed. Gelabert, 407 So.2d at 1010. The prosecution’s use of the rebuttal testimony of Crucilla and Walker and the cross-examination of Rice herself on this clearly collateral criminal conduct does not pass either the Johnson or the Gelabert test. The prosecutor had no good faith basis upon which to contradict Rice’s testimony; therefore, he had to “take” her answer. See generally C.W. Ehrhardt, Florida Evidence § 608.1 (2d ed. 1984).
An error of the type shown in this case is subject to a harmless error analysis. State v. Lee, 531 So.2d 133 (Fla.1988). Inasmuch as Rice admitted to being on the scene but fled to avoid having to take part in the robbery, we cannot say beyond a reasonable doubt that the impermissible rebuttal testimony of Crucilla and Walker did not affect the verdict. State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
SCHOONOVER, C.J., and DANAHY and FRANK, JJ., concur.