PATTERSON, Judge.
John A. Elliott appeals from his judgment and sentence for trafficking in cocaine. He raises two arguments on appeal. We find merit in his second argument that the trial court erred in denying his motion for a mistrial.
The appellant was brought to trial before a jury on charges of trafficking in more than twenty-eight grams but less than 200 grams of cocaine in violation of section 893.135(l)(b)(l), Florida Statutes (1985). The charges were the result of a drug transaction involving the appellant, his co-defendant, a confidential informant and two undercover detectives from the Sarasota Police Department.
As part of the state's case in chief, the prosecutor called the confidential informant to testify. During cross-examination by defense counsel, the following colloquy occurred:
*539 Q Is it your testimony that you knew John for two years?
A Yes.
Q And he’s a resident of the same area that you live; is that correct?
A No, he just sells his drugs there.
Defense counsel objected to the testimony and moved for a mistrial. He argued that the spontaneous comment suggesting that the appellant had a history of dealing in drugs was prejudicial to the appellant’s defense. The trial court denied the motion and instructed the jury to disregard the comment.
The trial court erred in denying the appellant’s motion for a mistrial. A cautionary instruction was insufficient to overcome the incurable effect of the witness’ prejudicial comment. See Bradwell v. State, 468 So.2d 1113 (Fla. 3d DCA 1986); Long v. State, 407 So.2d 1018 (Fla. 2d DCA 1981).
Therefore, we reverse and remand to the trial court for a new trial.
SCHOONOVER, C.J., and CAMPBELL, J., concur.