622 So.2d 601 (1993)
Helen Joyce ABBOTT, Appellant,
v.
STATE of Florida, Appellee.
No. 92-02502.
District Court of Appeal of Florida, Second District.
August 11, 1993.
*602 James Marion Moorman, Public Defender, and Timothy J. Ferreri, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Helene S. Parnes, Asst. Atty. Gen., Tampa, for appellee.
THREADGILL, Judge.
Helen Joyce Abbott appeals the judgments entered upon her convictions for two counts of sale of propylhexedrine, two counts of possession with intent to sell propylhexedrine, and one count of sale of a substance in lieu of a controlled substance.[1] She contends that the trial court erred in denying her motion for mistrial when a police officer implied at trial that she had committed crimes other than the offenses for which she was being tried. We hold that the comment was a clear violation of the Williams rule[2] and reverse.
The appellant was tried by jury and during the state's case, Detective Moore of the Polk County Sheriff's Office made the spontaneous statement that the appellant was "known to be a larger scale drug dealer." The defense objected and moved for a mistrial. After denying the motion, the court instructed the jury to "disregard the last question and answer." We hold that this curative instruction was ineffective to overcome the prejudicial effect of the implication that the appellant was involved in other, more serious drug activity. See Elliott v. State, 590 So.2d 538 (Fla. 2d DCA 1991).
Similar fact evidence is admissible if relevant to a fact in issue even though it also points to the commission of a separate crime, but evidence of other crimes is inadmissible where its sole relevancy is to attack the character of the defendant or to show the defendant's propensity to commit a crime. State v. Vasquez, 419 So.2d 1088 (Fla. 1982); § 90.404, Fla. Stat. (1989). Such evidence is presumptively harmful. Czubak v. State, 570 So.2d 925 (Fla. 1990). The officer's remark was relevant only to the appellant's bad character and criminal propensity. We therefore reverse and remand for a new trial.
Reversed.
SCHOONOVER, A.C.J., and BLUE, J., concur.
NOTES
[1] § 893.13(1)(a)2., Fla. Stat. (Supp. 1990); § 817.563(1), Fla. Stat. (1989).
[2] Williams v. State, 110 So.2d 654 (Fla. 1959).