PARIENTE, Judge.
The defendant was tried and convicted of attempted first-degree murder, shooting into an occupied dwelling and possession of a firearm during the commission of a felony. He claimed the defense of voluntary intoxication; that is, he was too drunk to form a specific intent to commit any of the crimes charged. While we reject the defendant’s contention that the issue of voluntary intoxication and thus, lack of specific intent should have been decided by the court as a matter of law, reversal is required based on the improper references to defendant’s drug dealing.
The series of events which ended in near tragedy began when the defendant’s girlfriend broke up with him. To get over his emotional pain, the defendant (a non-drinker) consumed hard liquor for three hours and took a pill. He was so intoxicated that upon leaving the bar he was unable to walk without assistance and unable to drive his own car. On the ride home, he lost consciousness until his friend awakened him. At 4:00 a.m., according to the friend, the defendant was still intoxicated. Upon being dropped off, the defendant went upstairs and called his girlfriend on her private bedroom line. A male voice answered. At approximately 5:00 a.m., several rounds of bullets went through the girlfriend’s bedroom window. She was hit, but fortunately not seriously hurt. Defendant’s truck was seen leaving the scene of the crime.
The defense was that voluntary intoxication prevented the defendant from forming the specific intent to commit the crimes charged. The image the defendant clearly sought to convey was that of the spurned boyfriend, drowning his sorrow in drink.
The following colloquy took place during cross-examination of the girlfriend-victim:
DEFENSE ATTORNEY: Let me ask you. Didn’t Tony feel that strongly about taking you to the prom that he went out and bought you a gold bracelet?
THE WITNESS: He didn’t go out and buy me a bracelet.
DEFENSE ATTORNEY: Did he give you a gold bracelet?
THE WITNESS: Yes, he did, he gave it to me because he told me that somebody owed him money for drugs and so they didn’t have the money so they gave him the bracelet instead and it didn’t fit him so he gave it to me. (Emphasis added)
Defendant immediately moved for a mistrial.
The trial court conceded that the comment, once made, was incapable of being erased from the jury’s mind. Nevertheless the trial court gave a “curative” instruction which included the following:
Now, in other words, once the bell is rung, I can’t force you to unring the bell, that is once you hear it, I can’t say I order you to not remember that. Obviously, you remember everything said or at least important things that are said but you are absolutely not to consider in your deliberations the last remark of the witness in that in fact the defendant got this bracelet in exchange for drugs. (Emphasis added)
The instruction inadvertently had the effect of creating the impression that the victim’s statement concerning drug dealing was factual.[1]
The state claims that admission of the testimony concerning the collateral crime of drug dealing was harmless error. We do not agree. “Erroneous admission of collateral crimes evidence is presumptively harmful.” Czubak v. State, 570 So.2d 925, 928 (Fla.1990). A curative instruction is ineffective to overcome the prejudicial effect of the implication that the defendant was a drug dealer. See Abbott v. State, 622 So.2d 601 (Fla. 2d DCA 1993) (sheriffs spontaneous statement that defendant was known to be a larger scale drug dealer warranted new trial); Parkansky v. Old Key Largo, 546 So.2d 1143, *1227 1144 (Fla. 3d DCA 1989) (inference that defendant was a drug dealer was not cured by-instruction).
The question is whether the state has shown beyond a reasonable doubt that the error complained of did not contribute to the conviction. State v. DiGuilio, 491 So.2d 1129 (Fla.1986). The defendant’s capability of forming the specific intent necessary to commit the crimes charged was hotly contested and was a very close factual question. With one comment by the victim, the defendant was portrayed as an uncaring drug dealer, an image which would be difficult to erase from the jury’s mind. We cannot say beyond a reasonable doubt the error complained of did not contribute to the conviction. DiGuilio.
We reject defendant’s other contention that there was improper contact between the victim and the jurors outside of the courtroom.
REVERSED AND REMANDED.
DELL, C.J., and GLICKSTEIN, J., concur.

. The victim knew better than to volunteer this testimony, as the subject of her prior involvement in drugs was prohibited by the state’s pretrial motion in limine.