BLUE, Judge.
Jeffrey Rimes appeals his convictions for sale of cocaine and possession of cocaine. We reverse because the trial court erred in denying a motion for a mistrial after the state introduced evidence suggesting Rimes had previously been involved in similar criminal activity.
The charges against Rimes resulted from a street purchase of a twenty-dollar piece of crack cocaine by Deputy Gerald Niles on May 14, 1992. Deputy Niles based his identification of Rimes on a photograph he examined nine days after the transaction. Rimes was arrested' more than nine months later. At a suppression hearing, Deputy Niles testified that he obtained the photograph of Rimes from the St. Petersburg Police “vice and narcotics file.”
At trial, after Deputy Niles testified that he secured a photograph of Rimes, the assistant state attorney asked, “[a]nd where did you get that photograph?” His answer was the same given at the suppression hearing, “From the vice and narcotics file.” Rimes immediately moved for a mistrial and a curative instruction. The trial court took the motion for mistrial under advisement and subsequently denied it. The court denied the request for a curative instruction, believing it would draw additional attention to the testimony. Although we agree that a curative instruction would accentuate the testimony, the failure to give an instruction left the jury with the impression that the objectionable testimony was relevant.
We conclude our prior holding in Abbott v. State, 622 So.2d 601 (Fla. 2d DCA 1993), compels reversal. In Abbott, a state witness testified that the defendant was “known to be a larger scale drug dealer.” 622 So.2d at 602. The trial court denied the defendant’s motion for mistrial and instructed the jury to disregard the testimony. This court reversed, holding that the “curative instruction was ineffective to overcome the prejudicial effect of the implication that the appellant was involved in other, more serious drug activity.” 622 So.2d at 602.
Although we recognize the comment in Abbott was arguably more egregious than the testimony in this case, we reject the state’s argument that the admission of the testimony was harmless error. Rimes presented testimony contesting he was the person involved in the drug transaction. The testimony that the picture was taken from the vice and narcotics file clearly implied that Rimes had on prior occasions been involved in the same activity for which he was on trial. Ad *1081 ditionally, the error was compounded because the state’s question clearly invited the witness’ testimony. We find the state has not met its burden of proving harmless error under the standard of State v. DiGuilio, 491 So.2d 1129 (Fla.1986). Therefore, we reverse Rimes’ convictions and remand for a new trial.
As to Rimes’ remaining point on appeal, we reject his argument that the trial court erred in denying the motion to suppress Deputy Niles’ identification testimony. On this point, we affirm.
Affirmed in part, reversed in part and remanded for a new trial.
SCHOONOVER, A.C.J., and THREADGILL, J., concur.