PARKER, Acting Chief Judge.
Barry Keene appeals the final judgment adjudicating him guilty of threatening to place or discharge a destructive device. We reverse because the trial court erred in failing to grant a mistrial.
The state filed an information charging Keene with threatening to place or discharge a destructive device at the newspaper office of the jBradenton Herald, in violation of section 790.162, Florida Statutes (1993). Before trial, Keene filed a motion in limine requesting the exclusion of any testimony concerning any threats or threatening letters other than the threat to the Bradenton Herald contained in the information. The trial court granted the motion.
During direct examination, the state asked Detective Sparks if he recalled Keene expressing that he disliked the Herald. Sparks stated: “I guess he had been in the paper, from what I remember him saying, about an incident that happened earlier, about a fire bombing or some threats.... ” Thereafter, the defense objected and moved for a mistrial. The court denied the motion and in- *1177 strueted the jury as follows: “Any reasons stated by the Defendant for being upset at the Bradenton Herald are not relevant to this case and should not be considered by the Jury. Therefore, the Jury is instructed to disregard the part of the last answer that referred to supposed reasons for being upset.” We conclude that the brief instruction that the court gave to the jury was insufficient to overcome the effect of the prejudicial comment. See Elliott v. State, 590 So.2d 538 (Fla. 2d DCA 1991).
The state argues that Detective Sparks was talking about a fire that was at Keene’s own home and that it had nothing to do with threats to a third individual. While that may be true, the trial judge’s instructions did not clarify that the fire bombing had been directed at Keene, and not at the Herald, or whether the paper had accused Keene of being involved with the threat or fire bombing. Therefore, we are compelled to reverse because we cannot say that this comment was not harmless beyond a reasonable doubt. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
Reversed and remanded.
LAZZARA and NORTHCUTT, JJ., concur.