STEVENSON, J.
Appellant, Carlton White, was tried by jury on charges of possession of drug paraphernalia and possession of a controlled substance; he was convicted of the drug paraphernalia charge. In summary, the police discovered two crack pipes containing crack cocaine residue in appellant’s apartment during the execution of a valid search warrant. We reverse because we find merit in appellant’s argument that his *485 motion for mistrial should have been granted after a police officer testified that, during surveillance of appellant’s home, immediately prior to execution of the warrant, he and a fellow officer observed narcotics transactions.
The police searched appellant’s duplex apartment and discovered one crack pipe in the cabinet upon which a waterbed rested and another in the top middle drawer of a bureau next to appellant’s tax bills and papers. The tax bill was addressed to both appellant and Juanita White at the address of the search. No evidence was introduced as to Juanita White’s identity, but an officer testified that she was possibly a relative who lived in the adjoining apartment. A locked door separated appellant’s apartment from that of the neighbor. The crack pipes were not warm, and no fingerprints were extracted from them. Although appellant and two other individuals were in the apartment at the time of the search, only appellant was arrested.
The following colloquy occurred during the direct examination of prosecution witness Detective Miller:
Q: Were you there [at appellant’s apartment] for the purpose of executing a warrant?
A: Yes.
Q: Prior to that execution of the warrant that day, what were you doing at that location?
A: We set up surveillance, approximately two hours worth.
Q: While you’re observing the house, is there anything obstructing your view?
A: No.
Q: Tell me what you observed?
A: We observed within the two hours what we believed to be narcotics transactions.
At that point, defense counsel made a motion for mistrial, which was denied.
In this close case involving circumstantial evidence of constructive possession, the police officer’s testimony regarding drug transactions outside of appellant’s home was both irrelevant to the charges against appellant and highly prejudicial. We reject the State’s argument that this testimony was harmless since the officer did not directly testify in front of the jury that appellant was involved in the transactions. After being told that the police witnessed narcotics transactions during the two hours they were specifically observing appellant’s home, the jury could reasonably deduce that appellant was involved in that activity.[1]
Improper admission of testimony of collateral crimes is particularly prejudicial since this type of evidence has the tendency to influence a jury’s perception of an accused’s propensity to commit the crime with which he is charged. See Williams v. State, 110 So.2d 654 (Fla.1959); § 90.404, Fla. Stat. (1997). Moreover, Miller’s testimony created a strong inference that appellant was guilty of crimes far greater than those for which he was tried. See Abbott v. State, 622 So.2d 601 (Fla. 2d DCA 1993)(reversing a conviction after a police officer implied. that appellant had committed crimes other than the offenses for which she- was being tried). Because appellant has demonstrated that the improper testimony which came into evidence was not harmless, we hold that the trial court abused its discretion in denying appellant’s motion for mistrial.
Accordingly, we reverse and remand for a new trial. We reject appellant’s claim that the trial court improperly denied his motion for judgment of acquittal; we find that the State presented suffi *486 cient evidence to present a question of constructive possession to the jury.
POLEN and HAZOURI, JJ., concur.

. The inference that appellant was involved in the drug transactions would have been correct since, during voir dire of Miller, outside of the presence of the jury, he stated that appellant was observed participating in the drug deals. Thus, defense counsel was precluded from inquiring further into this area in front of the jury.