BASKIN, Judge.
Finding no error in the trial court’s admission of testimony concerning the gun found in Baso’s car at the time of his arrest for extortion and grand theft, we affirm the convictions. Great latitude is afforded the trial court in passing on the admissibility of indirect or circumstantial evidence. See United States v. Pentado, 463 F.2d 355 (5th Cir.1972); Alvord v. State, 322 So.2d 533 (Fla.1975). The testimony concerning the gun was relevant in that it helped to establish that Baso knew a large sum of money was to be picked up in connection with the alleged extortion. The probative value of this testimony was not outweighed by the danger of unfair prejudice. See United States v. Marino, 658 F.2d 1120 (6th Cir.1981); §§ 90.401, 403, Fla. Stat. (1979).
We find no merit in Baso’s contention that the trial court should have stricken the charge of carrying a firearm during the commission of a felony; however, if any error resulted from the court’s failure to grant Baso’s untimely motion to strike or dismiss the charge, it must be deemed harmless in view of the overwhelming evidence of guilt. See Rodriguez v. State, 413 So.2d 1303 (Fla. 3d DCA 1982).
Affirmed.