890 So.2d 373 (2004)
Eric Alexander VAIL, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D03-3078.
District Court of Appeal of Florida, Third District.
December 22, 2004.
Bennett H. Brummer, Public Defender, and Marti Rothenberg, Assistant Public Defender, for appellant.
*374 Charles J. Crist, Jr., Attorney General, and Lucretia A. Pitts, Assistant Attorney General, for appellee.
Before GREEN, FLETCHER, and WELLS, JJ.
PER CURIAM.
The defendant, Eric Vail, appeals from his conviction and sentence for drug possession charges. For the following reasons, we affirm.
Officer Allen Davis was dropping off Sergeant Rolando Davis and Officer Jason Ferguson when they observed a drug transaction involving the defendant and Rafael Pedrosa. Sergeant Davis observed an exchange of a small item from the defendant to Pedrosa and then the exchange of money from Pedrosa to the defendant. Pedrosa walked away from the defendant and toward Sergeant Davis, who was dressed in civilian clothes. When Pedrosa was close to Sergeant Davis, the sergeant removed his badge and Pedrosa threw an item to the ground. Pedrosa was arrested thereafter.
The defendant observed the interaction between Sergeant Davis and Pedrosa. As Sergeant Davis was watching, the defendant turned his back and placed "something" into his waist area. The defendant then walked toward the front of a maroon van and placed something inside the van. Officer Ferguson saw the defendant put baggies into his front pocket. He then arrested the defendant. Officer Ferguson confiscated thirteen baggies and $35 dollars from the defendant. He also picked up the item that Pedrosa had thrown, another baggie. The baggies all contained individual rocks of cocaine.
Both Sergeant Davis and Officer Ferguson testified that after the defendant was arrested, Sergeant Davis stated that he had seen the defendant throw something in the van. Before either officer retrieved anything from the van, the defendant stated, "the gun that's in the van don't belong to me." Sergeant Davis then looked into the van and retrieved a gun.
Initially, the defendant denied that he was involved in any untoward activity. However, during his transport, the defendant asked Sergeant Davis not to charge him with a gun charge. Sergeant Davis told the defendant to tell him everything, and the defendant admitted that he had been selling drugs.
Prior to trial, the defendant moved in limine to exclude any mention of the gun that was found in the van. The defense argued that evidence of the gun was irrelevant to the drug charges and highly prejudicial; that there was no nexus between the gun and the charges against the defendant; and that the gun was evidence of an uncharged collateral crime. The court denied the motion.
After the state rested its case, the defendant moved for judgment of acquittal, which was denied. The defendant rested, and renewed his motion for judgment of acquittal and his objections regarding the "gun evidence," were again denied.
Jury instructions were given and the jury retired. Approximately forty-five minutes later, the jury sent out two notes requesting to read Officer Ferguson's testimony. The defense requested that the court instruct the jury to rely on their recollection of the in-court testimony. The judge gave the jury a note which stated:
a transcript of the testimony is not available at this time. You should rely on your collective recollection of the testimony. If you wish, the court reporter can read back the entire testimony for you, but I will not assume that is necessary unless I hear further from you.
*375 Shortly thereafter, the jury asked to have the court reporter read back Officer Ferguson's testimony. After the reading of the testimony, the jury continued to deliberate for an additional hour or so before going home for the night.
The jury resumed deliberations the next day. Midmorning, the jury submitted a note that read: "Your Honor, if we cannot come to a unanimous agreement on one of the charges what happens?" The court read the instruction which explains the jury's review of separately charged crimes based upon the evidence pertaining to each crime.[1] The defense objected on grounds that the jury was not informed that it was permissible to be deadlocked or "hung."
Later in the day, out of the presence of the jury, the State moved for the court to give the jury an Allen charge, pointing out that the jury had been deliberating for ten hours on a case that only took three hours to try.[2] The defense objected to giving a sua sponte Allen charge without an indication from the jury that it was deadlocked. The judge refused to give the requested charge.
Soon after, the State made a second motion for an Allen charge, which the court, again, denied. Instead, the judge brought the jury out and informed them that they could stay and continue working or leave and return the next day to continue their deliberations. The jury retired to the jury room. The State once again requested an Allen charge, and the defense objected. The defendant also renewed his previous objection to the court's refusal to give the jury the option to be deadlocked if they could not reach a unanimous decision on one of the charges. The State suggested that the court give the Allen charge to alleviate the defense's concerns. The defendant vehemently objected to the giving of an Allen charge claiming that it would be coercive. The court stated that the defendant's objection constituted a waiver, and denied the State's suggestion.
At 5:20 p.m., the jury sent out its fifth note which read: "Your, Honor, We feel we are close to a unanimous decision and need to work until 6:00." Both sides agreed to let the jury continue without any additional instructions. Twenty minutes later, the jury announced that it had reached a verdict. The jury found the defendant guilty of the lesser included offense of possession of cocaine on both counts. The jury was polled and they were all in agreement. The defendant renewed his objection to the court's failure to advise the jury that it could "come back hung."
A motion for new trial was filed on grounds that the verdict was contrary to the law and the weight of the evidence. An amended motion was filed claiming that it was error to admit evidence of the collateral crime of the gun. The motion for new trial was denied and the defendant was sentenced, in accordance with the sentencing guidelines, to five years imprisonment for count one and two years imprisonment *376 for count two. The sentences were to run consecutively.
On appeal, the defendant claims that the trial court erred in, among other things, allowing the state to introduce evidence of the gun found in the van, refusing to give the requested Allen charge when the jury sent out the note inquiring into what happened if they did not reach a unanimous decision, and admitting Sergeant Davis' improper comment that the area where the defendant was arrested was known to have "crack houses".
"A trial court has wide discretion concerning the admissibility of evidence, and a ruling on admissibility will not be disturbed unless there has been an abuse of discretion." Irving v. State, 627 So.2d 92, 94 (Fla. 3d DCA 1993). To that end,
[E]vidence of uncharged crimes which are inseparable from the crime charged, or evidence which is inextricably intertwined with the crime charge, .... is admissible ... because it is a relevant and inseparable part of the act which is in issue. It is necessary to admit the evidence to adequately describe the deed.
Griffin v. State, 639 So.2d 966, 968 (Fla.1994). In this case, the evidence showed that Sergeant Davis saw the defendant place something in the maroon van, and that soon after the defendant stated that there was a gun in the van that was not his. This evidence was inextricably intertwined with the observations and investigation that the police held before and during the defendant's arrest. Moreover, the "gun" evidence was also relevant to the defendant's admission after his arrest. The defendant admitted to Sergeant Davis that he had been selling drugs in hopes of avoiding a gun possession charge. Without the statements regarding the gun, the defendant's sudden turn around and admission of guilt would have been confusing to the jury. Accordingly, we find no error in the admission of this evidence. See Henry v. State, 649 So.2d 1366 (Fla.1994) (finding that evidence of collateral crime was "necessary to establish the context of events and to describe the investigation leading up to" the defendant's arrest and subsequent confession). See also Austin v. State, 500 So.2d 262, 265 (Fla. 1st DCA 1986) (holding that testimony given regarding circumstances immediately prior to arrest was so "inextricably intertwined" that an intelligent account of the criminal episode could not have been given without it).
Defendant also asserts that the court's failure to give an Allen charge constituted grounds for a new trial. We find no merit to this complaint. Although it is recommended that a court give an Allen charge when a jury is deadlocked, such a charge is not required. See Thomas v. State, 748 So.2d 970, 978 n. 7 (Fla.1999). Moreover, there is no indication from the record before us that the jury in this case was, in fact, deadlocked. In addition, any error regarding the failure of the court to give an Allen charge was waived by the defense when it objected to the giving of such charge at a later time in the deliberations.
Finding no merit in the defendant's other argument, we affirm.
NOTES
[1] Specifically, the court read:

A separate crime or offense is charged in each count of the information. Each charge and evidence pertaining to it should be considered separately. The fact that you may find the defendant guilty or not guilty as to one of the offenses charged should not affect your verdict as to any other offenses charged. I caution you members of the jury that you're here to determine from the evidence in this case whether the defendant is guilty or not guilty. Okay. The defendant is on trial on him [sic] for those specific offenses alleged in the information.
[2] "An Allen charge is a supplemental instruction generally given when it appears the jury is having difficulty reaching a verdict." Gahley v. State, 567 So.2d 456, 459 (Fla. 1st DCA 1990).