890 So.2d 1267 (2005)
Alberto Arreola ALBARRAN, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-3464.
District Court of Appeal of Florida, Fifth District.
January 21, 2005.
James S. Purdy, Public Defender, and Noel A. Pelella, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Anthony J. Golden, Assistant *1268 Attorney General, Daytona Beach, for Appellee.
GRIFFIN, J.
Alberto Arreola Albarran ["Albarran"] appeals his conviction for two counts of first-degree murder. The sole issue on appeal is whether the trial court improperly admitted collateral crimes evidence.
Lidia Reyes ["Reyes"], who was five months pregnant, and Jorge Cruz ["Cruz"] were shot to death at their DeLeon Springs residence on June 14, 1999. A traffic stop of a vehicle driven by Albarran was conducted in Daytona Beach on June 26, 1999. The vehicle, which was owned by Albarran's mother, had three occupants, and two guns were found during the stop. One gun was a chrome.380 caliber Colt pistol which Albarran was carrying in his waistband. Matching bullets were found in his pocket. The second gun was a blue steel 9 mm Ruger pistol which was found under the front passenger seat. Testing revealed that the 9 millimeter pistol had been used to kill Reyes and Cruz. Eventually, Albarran admitted being in the Reyes/Cruz residence, but said that he was not responsible for the victims' deaths. Instead, he said that he had accompanied a friend named Adolpho Mendoza ["Mendoza"] to the victims' residence to collect on a $30,000 debt that Mendoza was owed for marijuana. Albarran admitted that he entered the victims' residence with Mendoza, who pulled a gun on the victims. He also admitted he had searched Cruz for weapons, emptying his pockets (and in the process leaving his fingerprints on a grocery receipt found at the scene). Albarran claimed he then left the residence, and while outside, heard several shots. When he ran back inside, he saw that Mendoza had killed the victims. Albarran said that he did not tell police about the murders because Mendoza threatened to kill him. He claimed that both guns found during the traffic stop belonged to Mendoza, and that Mendoza had given him the.380 caliber pistol.
The court ruled that the evidence of Albarran's possession of the .380 caliber pistol was "inextricably intertwined" with the discovery of the murder weapon, and that it was relevant to show who had "dominion and control" of the murder weapon. We find no reversible error in the admission of this evidence. The murder weapon was found under the passenger seat of the van, which was occupied by more than one person when the stop occurred. Proof that Albarran was actually carrying the .380 caliber handgun in his waistband tended to rebut his claim that both guns found in the vehicle on June 26 belonged to Mendoza.
AFFIRMED.
THOMPSON and PALMER, JJ., concur.