990 So.2d 1119 (2008)
Keair S. WALKER, a/k/a Kear S. Walker, Petitioner,
v.
The STATE of Florida, Respondent.
No. 3D07-2264.
District Court of Appeal of Florida, Third District.
August 6, 2008.
Rehearing Denied September 17, 2008.
*1120 Keair S. Walker, a/k/a Kear S. Walker, in proper person.
Bill McCollum, Attorney General, and Magaly Rodriguez, Assistant Attorney General, for respondent.
Before GERSTEN, C.J., and SHEPHERD and ROTHENBERG, JJ.
ROTHENBERG, J.
The petitioner, Keair S. Walker, a/k/a Kear S. Walker ("Walker"), was convicted for first degree murder with a firearm and sentenced to life imprisonment. This Court affirmed Walker's conviction and sentence on October 19, 2005. Walker v. State, 913 So.2d 706 (Fla. 3d DCA 2005). In the instant petition, Walker raises four claims of ineffective assistance of counsel on direct appeal. Walker claims that his appellate counsel was ineffective for failing to raise on direct appeal: (1) this Court's reversal of the trial court's suppression order, State v. Walker, 852 So.2d 863 (Fla. 3d DCA 2003); (2) the trial court's admission of Williams rule evidence;[1] (3) the trial court's failure to give limiting or cautionary instructions to the jury regarding the admission of Williams rule evidence; and (4) trial counsel's failure to object to the jury instructions given by the trial court on justifiable and excusable homicide. For the reasons that follow, we deny Walker's petition.
We conclude that Walker's first claim, that appellate counsel was ineffective for failing to raise as error on direct appeal this Court's reversal of the trial court's suppression order, is without merit because the issue was decided by this Court, Walker, 852 So.2d at 863, and is thus barred by the doctrine of collateral estoppel. See State v. McBride, 848 So.2d 287, 290-91 (Fla.2003) (explaining that collateral estoppel prevents identical parties from relitigating identical issues that have been determined in a contest that results in a final decision of a court of competent jurisdiction). Given the disposition of the issue by this Court, we conclude that appellate counsel was not ineffective for failing to raise the issue on direct appeal. See Mann v. Moore, 794 So.2d 595, 599 (Fla. 2001) ("Appellate counsel cannot be ineffective for not raising on direct appeal an issue with little or no merit."); Rutherford v. Moore, 774 So.2d 637, 643 (Fla.2000) (holding that the failure to raise meritless claims on direct appeal will not render appellate counsel ineffective).
Walker's second claim, that appellate counsel was ineffective for failing to raise as error the trial court's admission of Williams rule evidence, is also without merit. Our review of the record reveals that appellate counsel unsuccessfully raised this issue on direct appeal.
*1121 Walker additionally contends that appellate counsel was ineffective for failing to raise as error the trial court's failure to give a limiting or cautionary instruction regarding the Williams rule evidence that was presented at trial. Section 90.404(2)(a), Florida Statutes (2005), provides for the admission of "[s]imilar fact evidence of other crimes, wrongs, or acts" when such evidence is "relevant to prove a material fact in issue, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." When similar fact evidence is admitted under section 90.404(2)(a), "the court shall, if requested, charge the jury on the limited purpose for which the evidence is received and is to be considered." § 90.404(2)(b)2, Fla. Stat. (2005). Our review of the record indicates, however, that trial counsel did not request a limiting or cautionary instruction from the trial court. Therefore, the issue was not preserved for appellate review. See Roberts v. State, 568 So.2d 1255, 1259 (Fla. 1990) (finding that legal claims or issues must be raised with the trial court in order to be preserved for appellate review). Appellate counsel was, therefore, not ineffective for failing to raise on direct appeal an issue not preserved for review. See Randolph v. State, 853 So.2d 1051, 1066 (Fla. 2003) ("Appellate counsel cannot be deemed ineffective for failing to raise an unpreserved issue on appeal.").
Our review of the record reveals that even if Walker's trial counsel had requested that a limiting or cautionary instruction be read to the jury, Walker would not have been entitled to one. The instruction Walker contends should have been read to the jury only applies to Williams rule evidence. The evidence introduced was not Williams rule evidence. It was collateral crimes evidence, for which no instruction is required. See Hunter v. State, 660 So.2d 244 (Fla.1995); Vail v. State, 890 So.2d 373 (Fla. 3d DCA 2004).
Lastly, Walker claims that appellate counsel was ineffective for failing to raise as error trial counsel's failure to object to the trial court's jury instructions on justifiable and excusable homicide. Walker contends that these instructions confused the jury and, in effect, negated his theory of defense that his brother was the actual killer. We disagree.
As part of Walker's defense strategy, his trial counsel requested that the jury be instructed on the lesser-included charge of manslaughter. Thus, the trial court, when instructing the jury on the elements of manslaughter, was required to also instruct the jury as to justifiable and excusable homicide. Trial counsel, therefore, was not ineffective for failing to object to the instructions given. Additionally, since trial counsel did not object to the instructions, appellate counsel could not raise the issue on direct appeal unless the error was fundamental. Because the trial court's instructions on justifiable and excusable homicide clearly did not constitute fundamental error, appellate counsel did not provide ineffective assistance of counsel by failing to raise the issue on direct appeal.
"`Issues pertaining to jury instructions are not preserved for appellate review unless a specific objection has been voiced at trial,' and absent an objection at trial, can be raised on appeal only if fundamental error occurred." Lawrence v. State, 831 So.2d 121, 137 (Fla.2002) (citation omitted) (quoting Overton v. State, 801 So.2d 877, 901 (Fla.2001)); see also State v. Weaver, 957 So.2d 586, 587 (Fla. 2007). A fundamental error is one that "`reaches down into the validity of the trial itself to the extent that a verdict of guilty could not be obtained without the assistance of the alleged error.'" Lawrence, *1122 831 So.2d at 137 (quoting Urbin v. State, 714 So.2d 411, 418 n. 8 (Fla.1998)).
Petition denied.
NOTES
[1] See Williams v. State, 110 So.2d 654, 663 (Fla. 1959) (holding that similar fact evidence relevant to a material fact at issue is admissible except where the sole relevancy of the evidence relates to the character or criminal propensity of the accused or where the evidence is otherwise precluded by the rules of evidence); see also § 90.404(2), Fla. Stat. (2005).