SUAREZ, J.
 

 The defendant, Rollin Monestime, appeals from his convictions for cocaine trafficking and money laundering. Monestime contends that the trial court erred in admitting a photograph of a gun discovered with the contraband, and that he did not meet the knowledge requirement for the money laundering charge. We disagree, and affirm.
 

 Monestime was charged with trafficking in over 400 grams of cocaine, in violation of section 893.135(l)(b)(l)(C), Florida Statutes (2009), and with money laundering of an amount over $100,000, in violation of section 896.101(5)(c), Florida Statutes (2009). At trial, Detective Thomas Mundy testified that he observed Monestime taking a heavy black bag from his residence and placing it in a white Isuzu. Detective Mundy then followed Monestime in the car to the residence of Kenneth Lubin, whei'e
 
 *1112
 
 he observed Monestime and Lubin transferring the black bag and a speaker box from the vehicle into Lubin’s house. Detective Mundy testified that, on approaching and identifying himself to Monestime and Lubin, he noticed the zipper of the black bag was open eight to ten inches, revealing bundles of U.S. currency within wrapped in “quick count bundles,” which Detective Mundy testified are “commonly used in the narcotics profession for quick counting and distribution.” The bag contained $738,804.00 in U.S. currency.
 

 Officer Orlando Saavedra testified that he arrived at Lubin’s residence with his drug-sniffing dog, who searched the vehicle and alerted to a white T-shirt wrapped around a baggie containing 481.9 grams of powder cocaine. Detective Mundy testified that, at that point, he placed Mones-time under arrest. Officer Saavedra’s dog also alerted to the speaker box. A subsequent search revealed an AR-15 rifle concealed within it.
 

 Detective David Rosen testified that he interviewed Monestime at the police station. Detective Rosen testified that Monestime stated that he had received a phone call instructing him to “take the suitcase with the money, take the cocaine, and to also take a gun that was in a speaker and get rid of it.” Detective Ro-sen testified that Monestime told him that the police would not find his fingerprints because, when he took the cocaine, he wrapped it in a T-shirt first and then put it in the car. Detective Rosen testified that he believed Monestime knew that the money was connected to drugs.
 

 At trial, the prosecution raised the issue of the gun in connection with the cocaine and the money, including referencing all three together during closing statements as “tools of the trade.” Monestime moved for judgments of acquittal on both the cocaine trafficking and money laundering
 

 charges, and the trial judge denied both motions. The jury returned a guilty verdict on both charges, and the court sentenced Monestime to fifteen years on each count, running concurrently. Monestime appealed.
 

 Monestime argues that the trial court abused its discretion by admitting the photograph of the gun because it was not relevant, was not inextricably intertwined to the charged offenses, and its probative value was substantially outweighed by the danger of unfair prejudice. We disagree. A trial court’s determination that evidence is relevant and admissible “will not be disturbed absent an abuse of discretion.”
 
 Taylor v. State,
 
 855 So.2d 1, 21 (Fla.2003) (quoting
 
 Sexton v. State,
 
 697 So.2d 833, 837 (Fla.1997));
 
 see also Irving v. State,
 
 627 So.2d 92, 94 (Fla. 3d DCA 1993). Evidence that is inextricably intertwined with the crime charged is admissible under section 90.402, Florida Statutes (2009), because it is a relevant and inseparable part of the act at issue and where it is impossible to give a complete or intelligent account of the crime charged without referring to the other crime.
 
 See Curry v. State,
 
 839 So.2d 887, 889 (Fla. 3d DCA 2003). Evidence is inextricably intertwined if the evidence is necessary to (1) adequately describe the deed, (2) provide an intelligent account of the crime(s) charged, (3) establish the entire context out of which the charged crime(s) arose, or (4) adequately describe the events leading up to the charged crime(s).
 
 Dorsett v. State,
 
 944 So.2d 1207, 1213 (Fla. 3d DCA 2006). “To prove its case, the State is entitled to present evidence which paints an accurate picture of the events surrounding the crimes charged.”
 
 Griffin v. State,
 
 639 So.2d 966, 970 (Fla.1994).
 

 We conclude that the rifle was inextricably intertwined with the crimes charged, and the photograph of the rifle was cer
 
 *1113
 
 tainly necessary to establish the context out of which the charged crimes arose.
 
 See Albarran v. State,
 
 890 So.2d 1267 (Fla. 5th DCA 2005);
 
 Vail v. State,
 
 890 So.2d 373, 374 (Fla. 3d DCA 2004);
 
 Baso v. State,
 
 433 So.2d 660 (Fla. 3d DCA 1983). The testimony regarding the hidden gun, the money and cocaine provided critical context to the jury’s understanding of the crimes charged, while the photograph of the AR-15 rifle served to provide a tangible example to the jury of the acts that comprised a single criminal episode. The gun, cocaine, and money are all related, as revealed by Monestime’s statement about the phone call he received instructing him to transport all of those items to Lubin’s house.
 

 Even if the admission of the photograph was an abuse of the trial court’s discretion, we conclude that the error was harmless. To prove harmless error, the State must “prove beyond a reasonable doubt that the error complained of did not contribute to the verdict or, alternatively stated, that there is no reasonable possibility that the error contributed to the conviction.”
 
 State v. DiGuilio,
 
 491 So.2d 1129, 1135 (Fla.1986). Here, the State referred to the gun sparingly, and focused almost exclusively on the cocaine and the money. The gun evidence was largely used in trial only when tied to the cocaine and money through testimony. The gun was referenced in the closing argument as a “tool of the trade,” but the defense failed to object at the time and thus did not preserve the argument.
 
 See Wright v. State,
 
 19 So.3d 277, 295 (Fla.2009) (“Failing to raise a contemporaneous objection when improper closing argument comments are made waives any claim concerning such comments for appellate review.”) (quoting
 
 Brooks v. State,
 
 762 So.2d 879, 898 (Fla.2000)). For these reasons, we affirm the trial court’s admission of the gun evidence.
 

 Monestime also challenges the knowledge element of the money laundering charge. We conclude that competent, substantial evidence supports the trial court’s ruling on Monestime’s motion for judgment of acquittal. In reviewing a judgment of acquittal, the standard of review is de novo.
 
 Pagan v. State,
 
 830 So.2d 792, 803 (Fla.2002). “The concern on appeal must be whether, after all conflicts in the evidence and all reasonable inferences therefrom have been resolved in favor of the ruling on appeal, there is substantial, competent evidence to support the ruling.”
 
 Banks v. State,
 
 732 So.2d 1065, 1067 n. 5 (Fla.1999) (quoting
 
 Tibbs v. State,
 
 397 So.2d 1120 (Fla.1981)). Pursuant to section 896.101(2)(h), Florida Statutes (2009), if the transaction or transportation involves more than $10,000 in U.S. currency, the standard for knowledge is knew or should have known after reasonable inquiry. The facts support the trial court’s denial of Monestime’s motion for judgment of acquittal.
 

 Affirmed.