[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-14748
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cv-22968-MGC


ROLLIN MONESTIME,

                                                    Petitioner-Appellant,

versus

STATE OF FLORIDA,

                                                    Respondent-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 18, 2018)

Before TJOFLAT, NEWSOM and HULL, Circuit Judges.

PER CURIAM:

Rollin Monestime, a Florida prisoner proceeding pro se, appeals the district court's dismissal of his federal habeas corpus petition under 28 U.S.C. § 2254 as an unauthorized, second and successive petition.  This petition challenges the seizure of $738,000 found in a black duffle bag in his vehicle when he was arrested in 2006.

After careful review, we affirm the district court.

## I.    BACKGROUND

### A.    Trial Evidence

In June 2006, police set up surveillance at a suspected drug operation and witnessed petitioner Monestime pacing around and talking on his cell phone for 15 minutes before placing a black duffle bag in his vehicle and leaving the location.  Monestime then drove "erratically" to another location before meeting with another man, who removed a black roll away suitcase from the passenger side of the vehicle that Monestime was driving.  Officers in plain clothing approached the two men, and Monestime eventually consented to a search of the vehicle. In the vehicle, police found and seized a significant amount of cocaine wrapped in a T-shirt and $738,000 in a black duffle bag.

### B.    Conviction and Direct Appeal

In October 2008 in Florida state court, a jury convicted Monestime of trafficking in over 400 grams of cocaine and money laundering in an amount over

2

$100,000.  The Florida state court sentenced Monestime to 15 years in prison (Case No. F-06-018096).

In January 2009, Monestime appealed his convictions to the District Court of Appeal of Florida, Third District ("Third DCA").  The Third DCA issued a written opinion affirming Monestime's convictions and sentence.[1]  Monestime v. State, 41 So. 3d 1110, 1113 (Fla. Dist. Ct. App. 2010).

## C.    State Postconviction Proceedings

In June 2011, Monestime filed a motion for state postconviction relief under Florida Rule of Criminal Procedure 3.850, alleging seven claims of ineffective assistance of counsel.  In late 2011, the state trial court denied Monestime's 3.850 motion, and he appealed.  The Third DCA affirmed without issuing a written opinion.  Monestime v. State, 107 So. 3d 420 (Fla. Dist. Ct. App. 2013).

## D.    Monestime's First § 2254 Petition

In November 2014, Monestime filed his first § 2254 petition in the district court (Case No. 1:14-cv-24402, S.D. Fla.), challenging both his convictions and his sentence.  In January 2016, the district court in that case denied Monestime's § 2254 petition as untimely and declined to issue a certificate of appealability ("COA").  Monestime appealed and filed a motion for a COA in this Court.  This

---

[1]In October 2010, Monestime filed a motion to reduce or modify his sentence in the state trial court, which was denied in February 2011.  Monestime did not appeal.

Court concluded that Monestime had failed to make a substantial showing of the denial of a constitutional right and thus denied his motion for a COA and dismissed his appeal.

### E.    State Court Motion to Return Property

Back in the state trial court, in December 2016, Monestime filed a motion for return of property under Florida Statutes § 705.105.  Section 705.105 provides that legal title to "unclaimed tangible personal property lawfully seized" by law enforcement "vest[s] permanently in the law enforcement agency 60 days after the conclusion of the proceeding."  Fla. Stat. § 705.105(1) (emphasis added). In December 2016, the state trial court denied Monestime's § 705.105 motion as having been filed outside of the 60-day window of the conclusion of his criminal case back in 2010.  Monestime appealed, and the Third DCA affirmed in June 2017.

### F.    The Current § 2254 Petition

On August 4, 2017, Monestime filed his present "Writ of Habeas Corpus" petition, which the magistrate judge and the district court construed as a § 2254 petition.  Monestime's § 2254 petition challenges the seizure of the $738,000 from the black duffle bag under the due process clause of the Florida Constitution and the Florida Contraband Forfeiture Act.  See Fla. Stat. § 932.701.  This Act provides for the seizure of any property used, attempted to be used, or intended to be used in

4

connection with illegal narcotics activities. Id. §§ 932.701(2)(a)(1), 932.703(1)(a). The Act requires that the seizing agency must apply to a court of competent jurisdiction for a determination of whether probable cause existed for the seizure and that the victim of the seizure receive notice. Id. § 932.703(2)(a), (3)(a). Monestime claimed that he did not receive a hearing to determine whether the $738,000 was in fact contraband and that he did not receive written notice of its seizure. Monestime's current § 2254 petition does not purport to challenge the seizure of the $738,000 under federal law.

The district court referred the § 2254 petition to a magistrate judge, who issued a report recommending that Monestime's petition be dismissed for lack of jurisdiction based on his failure to obtain authorization from this Court to file a second or successive habeas petition pursuant to 28 U.S.C. § 2244(b)(3). Monestime did not file objections to the magistrate judge's report.

## G.    Application for Leave to File a Second or Successive Petition

In the interim, on August 21, 2017, Monestime filed a separate application with this Court, seeking leave to file a second or successive habeas corpus petition under § 2244(b)(3). Monestime claimed that he was seeking to challenge only the state's seizure of his property, not his convictions or sentence.

In September 2017, this Court denied Monestime's separate application, stating that if he merely sought to challenge the seizure of his property under

5

Florida law, he was not seeking relief cognizable under § 2254 and his application was unnecessary.  Likewise, if Monestime was seeking habeas corpus relief, he had failed to identify either a new rule of constitutional law or newly discovered evidence as the basis for his claim.

## H.    District Court's Order

After this Court denied Monestime's separate 2017 application for leave to file a second or successive petition, the district court in a short order adopted the magistrate judge's report recommending that Monestime's current § 2254 petition be dismissed for failure to obtain authorization from this Court under § 2244(b)(3). The district court dismissed Monestime's § 2254 petition.  This appeal followed.

## II.    DISCUSSION

On appeal, Monestime reasserts his arguments regarding the Florida Contraband Forfeiture Act and claims that the government never linked the seized $738,000 to criminal activity of any kind.  On appeal, Monestime still does not allege a violation of any federal right with respect to the seizure.  The government did not file a response brief.

This Court reviews de novo a district court's dismissal of a § 2254 petition for being successive.  McIver v. United States, 307 F.3d 1327, 1329 (11th Cir. 2002) (applying standard in context of 28 U.S.C. § 2255).  Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this

6

section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A) (emphasis added).

Here, Monestime filed an application for leave to file a successive § 2254 petition with this Court over two weeks after he already filed his successive § 2254 petition in the district court.  Monestime was required to file such an application and obtain this Court's appellate authorization before filing a successive petition in the district court.  This he did not do.  In any event, this Court separately denied Monestime's application for leave to file a second or successive petition regarding this very same seizure of $738,000.  And this Court has already explained to Monestime that his challenge to the seizure of his property under Florida law does not state a claim for federal habeas relief.

## III.    CONCLUSION

Accordingly, we affirm the district court's dismissal of Monestime's habeas petition filed on August 4, 2017.

**AFFIRMED.**