# Third District Court of Appeal

## State of Florida

Opinion filed April 16, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-0754
Lower Tribunal No. F17-1540B
_____

**Andreyev Ross,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Ramiro C. Areces, Judge.

Carlos J. Martinez, Public Defender, and Shannon Hemmendinger, Assistant Public Defender, for appellant.

James Uthmeier, Attorney General, and David Llanes, Assistant Attorney General, for appellee.

Before EMAS, SCALES and BOKOR, JJ.

PER CURIAM.

Affirmed. See <u>Gosciminski v. State</u>, 132 So. 3d 678, 697 (Fla. 2013) ("The admissibility of evidence is within the sound discretion of the trial court, and the trial court's determination will not be disturbed on appellate review absent a clear abuse of that discretion." (citation omitted)); § 90.403, Fla. Stat. (2019) ("Relevant evidence is inadmissible if its probative value is *substantially outweighed* by the danger of *unfair* prejudice, confusion of issues,   misleading the jury, or needless presentation of cumulative evidence.") (emphasis added); <u>see also</u> <u>Monestime v. State</u>, 41 So. 3d 1110, 1112-13 (Fla. 3d DCA 2010) (concluding that photos of an AR15 rifle, along with "cocaine and money" were necessary to allow the jury to understand context of the charged offenses, noting: "To prove its case, the State is entitled to present evidence which paints an accurate picture of the events surrounding the crimes charged." (quoting <u>Griffin v. State</u>, 639 So. 2d 966, 970 (Fla. 1994))); <u>Dorsett v. State</u>, 944 So. 2d 1207, 1214 (Fla. 3d DCA 2006) (finding evidence explaining why detective focused his surveillance on defendant was relevant and necessary to establish the reliability of the detective's identification of the defendant and the absence of mistake); <u>Vail v. State</u>, 890 So. 2d 373, 376 (Fla. 3d DCA 2004) (concluding no abuse of discretion was shown in trial court permitting testimony regarding a gun found in the van, along with contraband at issue, because it was inextricably

intertwined with the investigation and arrest); <u>Irving v. State</u>, 627 So. 2d 92, 94-95 (Fla. 3d DCA 1993) (concluding it was not an abuse of discretion to admit, as relevant to establishing the context of the charged offense, a gun found with the defendant at the time of arrest, even though it was not the gun used in the offense).